**BOIES SCHILLER FLEXNER LLP**
David Boies (pro hac vice pending)
Alexander Boies (pro hac vice pending)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Joshua Michelangelo Stein, CA Bar No. 298856
Margaux Poueymirou, CA Bar No. 356000
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
John M. Lyons (pro hac vice forthcoming)
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: 212 446 2332
jlyons@bsfllp.com

**LAW OFFICES OF LINGEL H. WINTERS**
Lingel H. Winters, CA Bar No. 37759
A Professional Corporation
2900 Shasta Rd.
Berkeley, California 94708
sawmill2@aol.com

*Counsel for Plaintiff James Attridge and All Others Similarly Situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES ATTRIDGE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC; ALPHABET INC.; XXVI HOLDINGS INC.,<br><br>Defendants. | Case No.: 3:25-cv-02775-RFL<br><br>**[PROPOSED] ORDER AS MODIFIED GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Judge: Hon. Rita F. Lin |

Before the Court is Plaintiff's Motion to Appoint Interim Class Counsel. Having considered Plaintiff's Motion to Appoint Interim Class Counsel, the supporting Declarations of David Boies and Lingel H. Winters, the accompanying Memorandum of Points and Authorities, and all other papers and arguments submitted, and good cause appearing, the Court hereby finds and ORDERS as follows:

In selecting interim class counsel, district courts typically look to the mandatory criteria of Rule 23(g)(1)(A) governing the appointment of class counsel. *See, e.g.*, *Parkinson v. Hyundai Motor Am.*, No. CV06-34AHS (MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006). The Rule 23(g)(1)(A) criteria that a court "must consider" when appointing class counsel are:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

*Id.*; *see also* Fed. R. Civ. P. 23(g)(1)(A). None of the four foregoing factors are individually determinative. Instead, such factors provide a framework to analyze and determine whether counsel seeking appointment can fairly and adequately represent the class. Further, Rule 23(g)(1)(B) provides that a court may, in its discretion, "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

When presented with a single application for appointment as class counsel (as is the case here), Rule 23(g)(2) provides that a court may appoint the co-lead class counsel upon a finding that such counsel are "adequate under Rule 23(g)(1) and (4)." Fed. R. Civ. P. 23(g)(2).

A common means of selecting class counsel is by "private ordering." Manual for Complex Litigation (Fourth) § 21.272 (2004). That is, "[t]he lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests." *Id*. Efforts of plaintiffs' counsel to coordinate their activities among themselves "should be encouraged." *Id.* § 10.22.

The Court hereby finds that appointment of co-lead interim class counsel is appropriate under Federal Rule of Civil Procedure 23(g)(3).  Early appointment of co-lead interim class counsel will ensure the efficient management of this complex antitrust class action, clarify responsibility for pre-certification proceedings, and protect the interests of the proposed class.  The Court finds that both Boies Schiller Flexner LLP ("BSF"), with David Boies as lead attorney, and Lingel H. Winters, possess qualifications, experience, and resources to serve as Interim Co-Lead Class Counsel.

The declarations submitted with this motion detail how BSF and Mr. Winters have already made substantial commitment to this case. Mr. Winters filed the initial complaint and his declaration describes how he led all initial litigation steps, including pre-complaint investigation and early strategic planning. The declaration from Mr. Boies details how BSF has familiarized itself with the facts and legal issues and how BSF is collaborating with Mr. Winters on a second amended complaint and preparing to respond to anticipated motions and discovery.  Both BSF and Mr. Winters have committed to devoting the resources necessary to prosecute this action vigorously, efficiently, and expeditiously.

The Court further finds that the appointment of BSF (with David Boies as lead attorney) and Mr. Winters as Interim Co-Lead Class Counsel is in the best interests of the putative class.  Their combined experience, expertise, and resources will ensure that the class is represented by counsel with a proven track record of success in analogous antitrust class actions and the ability to effectively coordinate and lead this litigation.

The Court acknowledges that an objection to this motion has been filed by a group of plaintiffs in *Arcell v. Google*, 2022-cv-02499-RFL, a related case before the Court.  (Dkt. No. 45.)  The objectors state that Mr. Winters previously represented the *Arcell* plaintiffs in the related action, that during that time he had "access to confidential information" about the *Arcell* plaintiffs, and that "the appointment of Lingel Winters and David Boies is a direct conflict of interest with their case."  (*Id.*)  However, the objectors do not identify any specific confidential information Mr. Winters possesses, nor do they explain how their interests are materially adverse to the interests of the putative class in this case.  *See* Cal. R. Pro. Conduct 1.9 (a), (c).  Therefore, the objectors have not raised any basis to find that Mr. Winters or BSF will not adequately serve as interim class counsel.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the following as Interim Co-Lead Class Counsel to act on behalf of the putative class in this action: Boies Schiller Flexner LLP, with David Boies as lead attorney, and Lingel H. Winters.

Interim Co-Lead Class Counsel shall have the authority and responsibility for the conduct of all pre-certification proceedings on behalf of the putative class, including but not limited to:

- Coordinating and overseeing the prosecution of this action;
- Preparing and filing any amended complaints;
- Opposing any motions directed at the pleadings;
- Propounding and responding to discovery;
- Engaging and consulting with experts;
- Briefing and arguing all motions;
- Conducting settlement negotiations;
- Communicating with defense counsel and the Court on behalf of the putative class;
- Performing such other duties as are necessary to advance the interests of the putative class.

**IT IS SO ORDERED**.

Dated: ___August 30, 2025

_____
HON. RITA F. LIN
United States District Judge