UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Rita F. Lin, District Judge

JAMES ATTRIDGE, et al.,           )
                                  )
          Plaintiffs,             )
                                  )
vs.                               )   No. C 25-02775-RFL
                                  )
GOOGLE LLC, et al.,               )
                                  )
          Defendants.             )
_____)

                                  San Francisco, California
                                  Wednesday, February 25, 2026

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING 2:30 - 2:52 = 22 MINUTES

APPEARANCES:

For Plaintiffs:
                        Boies Schiller Flexner, LLP
                        333 Main Street
                        Armonk, New York 10504
                   BY:  DAVID BOIES, ESQ.

                        Boies Schiller Flexner, LLP
                        44 Montgomery Street
                        41st Floor
                        San Francisco, California
                          94104
                   BY:  MARK C. MAO, ESQ.
                        BEKO REBLITZ-RICHARDSON, ESQ.


          (APPEARANCES CONTINUED ON THE NEXT PAGE.)

*Echo Reporting, Inc.*

2

For the Defendants:

                              Wilmer Cutler Pickering Hale
                                & Dorr, LLP
                              7 World Trade Center
                              250 Greenwich Street
                              New York, New York 10007
                         BY:  DAVID Z. GRINGER, ESQ.

                              Wilmer Cutler Pickering Hale
                                & Dorr, LLP
                              2600 El Camino Real, Suite 400
                              Palo Alto, California 94306
                         BY:  SONAL N. MEHTA, ESQ.

Transcribed by:               Echo Reporting, Inc
                              Contracted Court Reporter/
                              Transcriber
                              echoreporting@yahoo.com

3

<u>Wednesday, February 25, 2026</u>                    <u>2:30 p.m.</u>

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK:  Calling civil action 25-2775, James Attridge versus Google LLC.

Counsel, please state your appearances for the record beginning with counsel for Plaintiffs.

MR. BOIES (via Zoom):  Good afternoon, your Honor. This is David Boies representing the Plaintiffs.

MR. REBLITZ-RICHARDSON (via Zoom):  Good afternoon, your Honor.  Beko Reblitz-Richardson also of Boies Schiller Flexner on behalf of the Plaintiffs.  Thank you.

MR. MAO (via Zoom):  Good afternoon, your Honor. Mark Mao for the Plaintiffs.

MS. MEHTA (via Zoom):  Good afternoon, your Honor. Sonal Mehta from Wilmer Hale on behalf of Google.  With me today is my colleague David Gringer and we have some folks from Google also on the line.

THE COURT:  Good afternoon to all of you.  Thanks for the thorough case management statement.  I appreciate it.  Let me give you some of my initial tentative thoughts and the I can give each of the parties an opportunity to respond.

I do think it makes sense to set a case schedule now

4

and not wait to do that pending the appeal in Judge Mehta's case.  I understand that -- the reason for the request, but it seems to me that even in the event that Google is able to overturn Judge Mehta's ruling on appeal, Plaintiffs in our case are not parties to that case in any way.  That case obviously in the District of Columbia involves only the United States as the parties.  So Plaintiffs will not be stopped from developing a more fulsome factual record or making whatever their own arguments are.  So it's hard for me to see why it makes sense to hold up the case schedule. So, my tentative is to set a case schedule today.

I did see that there were a number of discovery disputes.  Most of those are really not ripe for me, and it's my hope that you've worked through some of them already between when you submitted your statement and now.  But I have a hard time understanding generally why Google wouldn't be producing most everything from Judge Mehta's case, which has a lot of overlap with this one.  Obviously the other cases, it's not the same claim, so I can understand some types of limitations on relevance, but I also don't see that as a justification for significant delay in the production. If Google wants to put on itself the burden of sifting through what it's produced in other cases to turn over the portion that is relevant to this case, it should be doing that promptly it seems to me.

5

And, I will just say, in general, I'm going to be on a hair trigger in terms of discovery abuses in this case. There is going to be zero tolerance for playing games, evidence destruction, fake privilege claims. I don't want to see any of it in this case. I'm going to refer the discovery to Magistrate Judge Sallie Kim, who already has the related Arcel (phonetic) case and I do think it makes sense for lead counsel to be meeting and conferring on all of the discovery disputes before submitting them to Judge Kim.

In general, with respect to the case schedule, I do think it makes sense to close fact discovery before class certification in this case, since it is unlikely to involve discovery from absent class members. At the same time, I think Google's schedule that it proposed is way too long. Google contemplates completing production of the materials already -- well, let me say this. I think that we can set a deadline -- I'm thinking about March 4th as Plaintiffs -- along the lines of what Plaintiffs proposed, for Google to complete production of its materials from Judge Mehta's case, so long as that doesn't require notice prior to production, and so long as Google is also at the same time providing notice to any third parties about anticipated production of other materials from that case. It seems like a straightforward easy bucket that we should just knock out

6

now.

It also seems to me that we could set substantial completion of document production in the fall of 2026. That's, you know, seven months from now.  I think that you could get most of your -- a lot of your fact discovery, in terms of document production, done in that period.  And it seems to me that we could close fact discovery somewhere around February or March 2027, and then we could close class cert expert discovery by May or June 2027.  You could file class cert motions June/July and I could hear it in August/September.  That is a time that I think would be more appropriate to the case, given that so much of the material has already been produced in Judge Mehta's case and a lot of the fact development has already been done in that case.

I'm open to hearing from the parties if there is something that I should know, but that's what I was considering suggesting that you come back to me with, in terms of a timeline.

And, with respect to ADR, I think private mediation makes complete sense in this case, and I was thinking of setting the deadlines more close to the end of fact discovery, which would be January 2027, which would mean that I'd ask you for mediator name and date in a joint letter, somewhere around September 2026, just for you to tell me who you picked and who you're on calendar with.

7

So that's -- that's my overall sense, but obviously you all know a lot more about the case than I do and I'm open to hearing if you think there's issues or I should reconsider in some way.

Let me start with Plaintiffs and then I can hear from Google.

MR. BOIES:  I think you've given us a guidance that we can implement, your Honor.  The only question that I would raise is whether the fact discovery should close before the argument on class cert?  And, it obviously -- most of it is going to be done, maybe all of it, but sometimes during the class cert argument a factual issue will arise.  Now, we can -- we can always cover that just by a motion for -- to extend it or for limited discovery, but since we're going to have summary judgment after class cert, I wonder whether it doesn't make sense to have, like 30, 60 days after the class cert decision, to do any final discovery?

THE COURT:  Well, I suppose one question I had about that is, do you have a specific type of discovery that your concerned will be coming up in this category, or is it just kind of a general sense that, well, maybe something will come up in the class cert process that we hadn't thought of earlier, or couldn't anticipate earlier for some reason?

MR. BOIES:  It's the latter, your Honor.  I don't have anything specific in mind, but sometimes in class cert -- and there will be a lot of briefing back and forth. People will raise issues that maybe people haven't focused on, and, you know, a limited document production, a limited deposition -- not a lengthy period of time, but -- you know, I noticed in some of the cases that your Honor has had, that there's a brief period after class cert decision to complete discovery.  And since we're going to be having summary judgment -- now, if summary judgment had preceded this, I think you'd have a different situation, but since summary judgment is going to follow it, I think that's worth considering.

THE COURT:  What do you think about putting summary judgment at the same time as class cert?  That is another way we could do it, and then just litigate it all at the same time.

MR. BOIES:  I think that would be an excellent idea, your Honor.  Obviously we couldn't have, without Google's permission, and they've declined to give permission -- we couldn't have summary judgment first, but we could argue it all at the same time with the understanding that the judge, your Honor, in terms of when you made the decision, would take that into account.  I think that would be a good idea.

9

THE COURT: Let me check in with Google about -- your thoughts about that idea, and then also about the proposal generally.

MS. MEHTA: Yes, your Honor. Thank you. So, I'll start with those and there's a couple of other things on the -- on the schedule that I just wanted to raise with your Honor.

First, with respect to the idea that we should leave fact discovery open after class certification on the theory that maybe something will come up. I think from our perspective, it's much more important that the experts who may opine on class certification have a closed record on which to do that and your Honor has a closed record on which to make that judgment. If, of course, someone has a good cause showing for why they need some additional follow on discovery, I imagine they'll raise it with us and we'll negotiate over it. If we can't reach an agreement, we would come to your Honor and your Honor would resolve that. So we think a closed record is important.

Second, with respect to the question of whether summary judgment and class certification should be addressed together. From our perspective, that doesn't make sense here, your Honor. There are going to be extremely complicated questions of class certification, which we previewed for your Honor and I know you're aware of in the

10

context of the motion to dismiss.  It makes sense, from our perspective, for those issues to get resolved and then to address the separate issues with respect to potential alternative or other issues that preclude the case going forward or particular basis for summary judgment that may be independent of the class certification issues, but with the benefit of your ruling on class certification, which may actually shed light on, or at least the process will shed light on, those summary judgment issues.  So, I understand that it -- you know, that --

THE COURT:  Can you explain that a little more to me?  Why is it that you think that the ruling on the class certification issues -- why do you think the parties would benefit from having that information before making the summary judgment argument?  It's hard for me to understand that in the abstract.  So if you have a particular legal issue that you're pointing to that you think I should have the briefing come later, I'd be open to that, but it seems to me that it could make sense to have you brief everything at once and then I could decide class certification and then decide summary judgment if appropriate at that point.  But I think I -- it helps me to see the whole picture that way, but if you think there's some way in which the class certification ruling would narrow the disputes of the parties on summary judgment and save everybody a lot of time

and me and you a lot of effort, I'm open to hearing what that is, but I need to hear about it more specifically.

MS. MEHTA:  Understood, your Honor.  And with your permission, I'm going to actually ask my colleague, Mr. Gringer, to weigh in on that, because I think he has a particular thought on that that may be helpful.

MR. GRINGER (via Zoom):  Yes, your Honor.  David Gringer for Google.  A couple of points.

First, you know, it may very well be if the Court denies class certification that either the case is imminently resolvable at that point, saving the parties the time and burden and the Court the burden of doing summary judgement completely.  It also may shape the summary judgment arguments as well if the class is narrowed or defined.  There may very well be injury arguments or the absence thereof or unique named plaintiff arguments that you would make if no class was certified.  So I think it does make sense to stagger them for lots of different reasons.

THE COURT:  Let me just -- before I come back to Ms. Mehta on the other issues you have on your agenda, let me just turn back to Mr. Boies for a minute and just ask you, what do you think about that point that Mr. Gringer made, which I really understand it to be saying the Court's class definition could really affect the dispositive motions, because if I defined the class in a way that's

12

narrower that could open up certain dispositive motions that wouldn't otherwise be in play and therefore be more efficient to brief summary judgment after a class certification?

MR. BOIES:  I'm not sure I understood that part of what he was saying.  I don't see -- I don't see how -- the basic issues in the case.  I mean, there may be something on the margins that I'm not looking at, but I don't see how the basic issues in the case are going to change depending on exactly how you define the class.

Now, I think he does make a point that if you deny class certification entirely, then typically in these cases they give up and they pay the individual plaintiff to go away, but I'd respectfully suggest that this is a pretty good case for class certification.  There may be some issues on the particular parameters, so I'm not sure that that is -- would be a reason not to put them together.  There is a lot of overlap in what we'll be arguing and it would move the case along by several months to do it that way.

THE COURT:  Let's ask Mr. Gringer, can you give me a flavor of what you're talking about, in terms of the potential narrowing of the class that you could imagine happening at class certification and how you see that affecting summary judgment?

MR. GRINGER:  Yeah, I can.  Of course, you know, I

13

don't even know what class they're ultimately going to propose, but I think, you know, there's a natural divide here in the Plaintiffs' two theories of liability.  One on their privacy-based theory, one on their, you know, I guess pay people per Google search.  And you can surely imagine a world in which your Honor said, well, one group can go forward and one can't.  I mean, of course, will say no groups can, but, you know, we're dealing in hypotheticals here and so it may very -- you know, if we had to do a summary judgment motion not knowing the scope of that class, we might not make an argument targeted to just one group, whereas if it was one group we would expand the scope of arguments we made at that group.  So that's one thing that comes to mind.

There also may be very -- beyond this sort of pay per search issue -- you know, they throw out a lot of different approaches.  It may be that your Honor allows one approach to show a common injury, but, you know, let's say on a -- you pay everyone, but on a rewards program you say, well, half the people wouldn't get rewards so that's not injury. Now we know the scope of the class and we can focus our summary judgment briefing accordingly to that period.

So I do think there really are -- of course there is a degree of commonality, but ultimately your Honor knows the class cert factors.  Those are -- you know, in an antitrust

14

case, I (indiscernible) definition tends to be very different than sort of a class cert issue like injury.  So I think there's plenty different and also certainly, you know, even just at this early stage, plenty of things we can identify on summary judgment that would be different depending on how and what scope of a class your Honor would certify.

THE COURT:  All right.  So, I understand the arguments and I think it makes sense to have class cert on its own first, and I also think it makes sense to close discovery so that we can have a closed record as to what the experts are going to say, because that will help me formulate my class cert ruling.  And I know that that means that you all will have to commit early to your theories, but I think that there's a virtue in that.  If there is something that comes out during class cert that is totally unexpected and you could not have anticipated, I will entertain a motion to reopen it on a limited basis to allow additional limited discovery prior to summary judgment.  But what I have to say about that is, it better be pretty unexpected.

MR. BOIES:  Understood, your Honor.

THE COURT:  That's my overall plan.  Was there more that, Ms. Mehta, you wanted to raise with the Court?

MS. MEHTA:  Yes, just one issue, your Honor, which

is with respect to -- actually I should say two issues, but one I think is more minor.  One is with respect to the expert schedule, which is, I think generally speaking the schedule you laid out make sense.  I would respectfully request, if your Honor is open to it, to build in a little bit of extra time around the expert reports.  In our experience, especially when it comes to multiple theories like these, these expert reports are going to require a fair amount of work.  And, so, to the extent we can have sort of more than the normal 21 days or 30 days, I think more like 60 days or even 75 days between expert reports will really help us put together reports and analysis that will be helpful to the Court, because this will be pretty expert heavy, based on our experience in cases like this.  That's one.

And then, the second one is with respect to the reproduction from the Google search case.  The good news is, that was actually one of the issues that the parties were able to resolve without -- before we got here today.  So we have an agreement to begin a rolling production on that.  We have an agreement as to the scope of that.  I can tell your Honor that due to vendor issues, that is not going to be done by March 4th, but we've communicated that to counsel for the Plaintiffs and reached an agreement on that process. So that will go forward expeditiously.

16

THE COURT:  Great.  If you have an agreement on it, I will not set a deadline on it.  I trust you all to follow your word to one another.

With respect to the class cert expert discovery schedule.  It looks to me like Google originally proposed essentially seven months for class -- for expert discovery for class cert.  I think that's too long.  I -- but I also understand that doing something like three months might be too short.  So, I think if we close fact discovery in February, that would give you until June to do -- and we did it through June -- like, if we closed fact discovery in early February and you closed expert discovery in late June, I think that would allow you to -- the time to do what you need and I could still hear this class cert motion by September time frame.

MS. MEHTA:  Yes, your Honor.  I think that should work and we'll obviously work together with the other side to get through -- get through this as quickly as we can.

THE COURT:  Great.  So, let me propose to you all that you give me a stipulation of proposed order in seven days that lays out your proposed case schedule along the lines of what we've discussed.

Does that work for Plaintiffs?

MR. BOIES:  Yes, your Honor.

THE COURT:  And for Google?

17

MS. MEHTA:  Yes, your Honor.

THE COURT:  Is there anything else that we should discuss that will be productive for the parties this afternoon?  Let me start with Plaintiffs.

MR. BOIES:  I think with the guidance you've given us, your Honor, we can go to work.  And I think there are a number of open issues, but I think with the Court's guidance we can work through those.

THE COURT:  Anything else for Google?

MS. MEHTA:  No, your Honor.  Thank you.

THE COURT:  Thank you, all.  Be well.

MR. BOIES:  Thank you very much, your Honor.

(Proceedings adjourned at 2:52 p.m.)

18

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber

Monday, March 2, 2026