**VIA CM/ECF FILING**
May 8, 2026
The Honorable Sallie Kim
United States District Court, Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

**Re: *Crowell v. Google LLC*, No. 3:25-cv-02775-RFL-SK (N.D. Cal.)**

Dear Judge Kim:

Pursuant to Your Honor's Standing Order, the parties respectfully submit this letter brief regarding their dispute as to the sufficiency of Plaintiffs' initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

Counsel for the parties exchanged correspondence on this issue and met and conferred via videoconference on March 26, 2026 and May 1, 2026, but have been unable to reach agreement. Counsel complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery.

Judge Lin referred this case to Your Honor for discovery.  Judge Lin entered a scheduling order setting deadlines of October 16, 2026 for the substantial completion of document production, February 5, 2027 for the close of fact discovery, March 22, 2027 for Plaintiffs' expert disclosures, and May 7, 2027 for Google's expert disclosures.  Dkt. No. 88 at 5.

*/s/ David Boies*
David Boies
Boies Schiller Flexner LLP
*Co-Lead Counsel for Plaintiffs*

*/s/ Sonal N. Mehta*
Sonal N. Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
*Co-Lead Counsel for Google*

1

**<u>Google's Position</u>**

Plaintiffs' initial disclosures do not satisfy the basic discovery obligation to provide Google with a "computation of each category of damages" sought as set forth in FRCP 26(a)(1)(A)(iii). Plaintiffs admit that they have not offered a damages computation and instead wrongly argue that "computing damages at this stage is premature." Ex. 1 at 7. That is not the law. Rule 26 requires a plaintiff—at the outset of discovery—to "disclose its computation of damages, in light of the information currently available to it, in sufficient detail so as to enable the defendant to make informed decisions about discovery and other matters." *Klein v. Facebook, Inc.*, 2021 WL 12348681, at *1 (N.D. Cal. Oct. 13, 2021). Google respectfully requests that the Court order Plaintiffs to serve disclosures with a compliant damages computation without further delay.

Plaintiffs are users of Google Search who claim that Google engaged in allegedly anticompetitive conduct in connection with the distribution of its search engine. Google Search is offered to users for free and in unlimited quantities, but Plaintiffs nevertheless allege they suffered damages because, absent the challenged conduct, Google supposedly would have (1) offered "reduced or ad-free search experiences"; (2) offered "greater privacy protections"; and/or (3) paid users directly to use its free search engine. TAC ¶¶17-18. Plaintiffs' complaint thus alleges three distinct damages theories in connection with their antitrust claim. They also seek disgorgement and other equitable monetary relief under an unjust enrichment theory. *Id.* Prayer(E). If Plaintiffs intend to pursue multiple damages theories, they must provide the information required by Rule 26—including "an estimate of the ***amount*** of damages claimed" and supporting material—for each theory. *Klein*, 2021 WL 12348681, at *2 (emphasis added). They have not provided it for any.

*First*, for their claim stemming from the supposed "suppression of competition in terms of reduced-ad or ad-free general search engines," Plaintiffs simply refer to the complaint's allegations

2

that certain search engines have charged users subscription fees to avoid seeing ads.  Ex. 1 at 11. Of course, the price that Plaintiffs would have been *charged* by some other firm for a "reduced-ad" or "ad-free" search engine says nothing about the *damages* Plaintiffs incurred from a similar service allegedly not being available from Google. "Simply providing documents or other information and assuming the defendant will somehow divine the plaintiff's damages computation … is insufficient and not in accord with the requirements of Rule 26(a)." *MKB Constructors v. Am. Zurich Ins. Co.*, 2014 WL 4848229, at *6 (W.D. Wash. Sept. 29, 2014).

*Second*, Plaintiffs similarly fail to provide a damages computation for their privacy-related theory. They instead point to allegations in the complaint about "monthly payments for user data" and unspecified expert testimony from another case on "damages based on a lack of privacy," and state that they "can use a monthly payment figure to calculate a baseline for damages." Ex. 1 at 11-12. This is insufficient. As the court held in *Klein*, a mere "reference to [a] purported 'market price' … per month for user data" is not a computation. 2021 WL 12348681, at *2.

*Third*, for their theory that Google would have provided monetary compensation to users, Plaintiffs list—as "example[s], and without limitation"—three "*potential* ways of calculating damages" and identify various possible payments that Google could have made on a "per-search," "per-default," or "per-month" basis. Ex. 1 at 8-10 (emphasis added). This is likewise deficient because, at most, Plaintiffs only offer purported "market price[s]" for searches, defaults, and usage per month. *See Klein*, 2021 WL 12348681, at *2. Rule 26 requires more and "contemplates some analysis; for instance, in a claim for lost wages, there should be some information related to hours worked and pay rate." *City and Cnty. of S.F. v. Tutor-Sabila Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). So too here, each named plaintiff possesses information about the number of Google searches they personally performed, the number of "defaults" they had set to Google, and the

number of months they used Google to provide the required "computation of damages for <u>each</u> Plaintiff." *Agena v. Cleaver-Brooks, Inc.*, 2020 WL 6888725, at *3 (D. Haw. Jul. 31, 2020). That is true even if, as Plaintiffs claim, they lack data to perform similar calculations classwide.

*Finally*, Plaintiffs provide no information at all about their "unjust enrichment calculation." They simply state that it "will include in part some of the" unexplained "calculations … regarding payments that Google avoided through its unlawful conduct" and Google's alleged "enrichment from its collection and use of" data. Ex. 1 at 12. As with their antitrust damages theories, Plaintiffs are required to disclose a computation of the monetary relief they seek for their unjust enrichment claim. *United States v. Honeywell Int'l Inc.*, 337 F.R.D. 456, 461 (D.D.C. 2020). They have not.

The basic problem with the disclosure for each of these theories is that Plaintiffs never ***compute*** damages. The initial damages computation is required "to ensure that defendants receive a preliminary damages estimate at the outset of the litigation—before discovery commences." *Holland Am. Line, N.V. v. Orient Denzicilik Turizm Sanayi Ve Ticaret, A.S.*, 2020 WL 1689736, at *2 (W.D. Wash. Apr. 7, 2020). "[T]hat a damages calculation or model will be the subject of future expert analysis does not relieve a party of its obligation to provide" this information. *Boswell v. Costco Wholesale Corp.*, 2017 WL 2727769, at *1 (C.D. Cal. Jan. 19, 2017). These requirements are especially important here to enable Google to understand and test the contours of Plaintiffs' theories that, with no supporting precedent, they should have been paid for using a free product.

Contrary to Plaintiffs' suggestion, Judge Lin's motion to dismiss ruling does not establish Plaintiffs can withhold compliant disclosures. It instead reinforces the need for them. Plaintiffs' highly unusual damages theories survived based on their allegations that "specific 'real-world examples of pricing user time, attention, and data' can be used to calculate damages." *Attridge v. Google LLC*, 816 F. Supp. 3d 1059, 1074 (N.D. Cal. 2026). They also relied heavily on the *Klein*

court's rulings addressing similar theories. Dkt. 57 at 3, 5-7. Rule 26 now requires that Plaintiffs—like the *Klein* plaintiffs—disclose these promised computations. 2021 WL 12348681, at *2.

The allegations Judge Lin credited are also irreconcilable with Plaintiffs' current claim that they require more discovery to provide an initial computation. Plaintiffs do not identify any purportedly necessary information they are missing. *See Corning Optical Comm'cns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 278 (N.D. Cal. 2015) (being "temporarily excused" based on "shortfall in information" requires "explain[ing] … the extent of any such disability and the reason therefor"). These facts distinguish this case from those Plaintiffs rely on. *See Concord Music Grp., Inc. v. Anthropic PBC*, 2025 WL 2653636, at *2 (N.D. Cal. Sept. 16, 2025) (review of "necessary" data required); *Focal Point Films, LLC v. Sandhu*, 2020 WL 5760355, at *3 (N.D. Cal. Sept. 28, 2020) (crediting claim damages were "not ascertainable"); *Myers for Myers v. United States*, 2003 WL 27375939, at *2-3 (S.D. Cal. Sept. 26, 2003) (medical evaluations). It also renders irrelevant the time Plaintiffs have had the 3 million-plus documents Google has produced from DOJ Search, a case that involved two public trials. Nothing in *Klein* turned on how long those plaintiffs had the defendant's productions. Instead, the *Klein* court approved the advertiser plaintiffs' disclosures because they provided "an estimate of the amount of damages," 2021 WL 12348681, at *2—precisely what Plaintiffs improperly refuse to provide.

Plaintiffs have no excuse. Unlike in *Concord*, providing a computation does not require applying law to a "novel" technology, 2025 WL 2653636, at *1—search engines have been ubiquitous for decades. Plaintiffs' reliance on this Court's ruling in *Nazemian*, which concerned a contention interrogatory, is similarly misplaced. The law is clear that a plaintiff may not withhold an initial Rule 26 damages computation by saying "wait until we serve our expert report." *Corning*, 306 F.R.D. at 278-279. Plaintiffs must provide a computation for each damages theory now.

**Plaintiffs' Position**

Rule 26 requires that "[a] party must make its initial disclosures based on the information then reasonably available to it." FED. R. CIV. P. 26(a)(1)(E). The advisory committee notes to Rule 26 recognize that "a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person." FED. R. CIV. P. 26(a) advisory committee's note to 1993 amendment; *see also* 8A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2053 (3d ed. 1998, updated Apr. 2026) ("where the materials necessary for the computation are not in this party's possession this disclosure requirement does not apply").

On March 20, 2026, Plaintiffs served Google with amended disclosures (Ex. 1). Based on the information reasonably available to Plaintiffs, they provided a six-page disclosure regarding damages and unjust enrichment. *See id.* at 7–12. That disclosure included a detailed explanation regarding how these amounts may be calculated based on discovery Plaintiffs seek from Google. Plaintiffs identify four methods for calculating these amounts: (1) on a per-search basis; (2) on a per-default basis; (3) on a per-month basis; and (4) with economic modeling. *See id.* Plaintiffs also provided information in their possession regarding these calculations based on foreclosure of competition in terms of search engines offering more privacy or fewer ads. *See id.* at 11–12.

For all of these calculations, Plaintiffs seek discovery from Google that may serve as inputs. For example, Plaintiffs seek discovery regarding similar payments made or considered by Google. Plaintiffs also seek to have Google produce data that the parties and experts can use to estimate the number of class members and calculate damages. Plaintiffs seek this discovery consistent with the deadlines set by Judge Lin, including the October 16, 2026 deadline for the substantial completion of document production and the February 5, 2027 deadline for the close of fact discovery.

Google insisted on filing this joint dispute letter because it believes that the reference in Rule 26 to a damages "computation" means that Plaintiffs must, at the outset, provide a specific damages amount.  Plaintiffs respectfully disagree.  As Judge Lin recognized in ruling on Google's motion to dismiss: "It is not clear without the benefit of discovery and expert testimony whether Plaintiffs will be able to adequately calculate damages.  But what is clear is that Plaintiffs allege they have been directly and concretely harmed, and by '[h]ow much is a harder question for a later day.'"  *Attridge v. Google LLC*, 816 F. Supp. 3d 1059, 1074 (N.D. Cal. 2026) (citation omitted). Similarly, in *Nazemian v. Nvidia Corp.*, this Court recently denied a motion to compel the plaintiff to respond to an interrogatory seeking "the method used to calculate any claimed actual damages," finding "that Defendant's request for the method to calculate damages is the territory of expert testimony."  No. 24-cv-01454-JST (SK), Dkt. 277 at 1-2 (Mar. 18, 2026).

Courts in this District have recognized that a precise computation of damages will often require discovery.  In *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003), Magistrate Judge Chen ruled that a plaintiff "should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery."  *Id.* at 221.  The *Tutor-Saliba* decision notes that the court did "not yet mandate disclosure of precise calculations given that many of the documents which are likely to inform the calculation remain in Defendants' hands and some level of expert analysis may be required," but instead contemplated "that Plaintiffs will update its disclosure and provide greater detail as to its calculations as discovery progresses."  *Id.* at 222.

In *Concord Music Group, Inc. v. Anthropic PBC*, No. 24-cv-03811-EKL (SVK), 2025 WL 2653636 (N.D. Cal. Sept. 16, 2025), Magistrate Judge van Keulen ordered the plaintiffs to amend

7

their initial damages disclosures but only *after* the close of fact discovery.  *Id.* at *2.  "It may be that actual computation of certain categories of actual or statutory damages must await expert reports which, again in the context of this novel and complex area of law, will ultimately satisfy the Rule 26 requirements."  *Id.*; *accord Myers v. United States*, No. 02-cv-1349K(AJB), 2003 WL 27375939, at *2 (S.D. Cal. Sept. 26, 2003) (Rule 26 does not require damages computation if necessary information is held by experts).

In *Focal Point Films, LLC v. Sandhu*, the law firm representing Google in this case successfully argued before then-Chief Magistrate Judge Spero that the Court should apply Rule 26 in a "common sense" manner, and that the "level of specificity for the damages computation varies depending on the stage of the litigation and the claims at issue."  No. 19-cv-02898-JCS, Dkt. No. 83 at 6 (N.D. Cal. May 19, 2020) (citation omitted).  Plaintiffs agree.  In *Focal Point*, the counter-plaintiff's initial damages disclosure simply stated that the damages were "not ascertainable at this time, some or all of the injuries are ongoing, and the computation of damages may require expert testimony."  *Id.* at 5.  That is not at all what Plaintiffs have done here.  Judge Spero also concluded that later supplementation of that disclosure in the form of an expert report containing damages calculations was not untimely.  *Focal Point*, 2020 WL 5760355, at *3 (N.D. Cal. Sept. 28, 2020).

Google relies on Magistrate Judge DiMarchi's decision in *Klein v. Facebook, Inc.*, No. 20-cv-08570-LHK (VKD), 2021 WL 12348681 (N.D. Cal. Oct. 13, 2021), but the plaintiffs there "had access to more than 12 million documents relating to their claims *for five months*."  *Id.* at *1 (emphasis added).  Google has been producing documents here, but Plaintiffs are still waiting for Google to complete production of the Judge Mehta materials and are seeking to negotiate Google's additional productions.  The *Klein* decision otherwise supports Plaintiffs.  The court actually *denied* the defendant's request to compel further damages disclosures from the advertiser plaintiffs:

8

"To the extent Facebook challenges the merits of the Advertiser Plaintiffs' methodology, its objection is not well-taken; the Advertiser Plaintiffs have disclosed their methodology, which is all that Rule 26(a) requires." *Id*. at *2. As to the consumer plaintiffs, the court found their disclosure inadequate because there was just a single reference to a "market price" for data and an estimate of "tens of billions of dollars" in damages. *Id.* Unlike those plaintiffs, Plaintiffs in this case already provided Google with detailed information regarding their damages calculations.

Google's other authorities largely consist of out-of-District cases where defendants challenged the adequacy of initial disclosures that were *never* supplemented or only supplemented on the eve of trial in a way that prejudiced the defendant. That is far from the situation here.

Any additional amendment to these disclosures is premature, especially where Plaintiffs are only now receiving relevant documents from Google. For example, while Google focuses in this submission on how search is "free" for users, Google's own employees wrote (internally, not publicly) about how "the end-user cost of searching is actually not zero" and instead "seems to be around -$0.005/search due to bing rewards" which "might suggest that Google's service is overpriced by about 35% ($2.5B quarterly)." GOOG-DOJ-04028998. Other recently-produced documents detail how Google itself considered rewards to users for searching, and also "bounty" payments for setting Google as the default. Plaintiffs are diligently seeking discovery from Google that will help inform the "how much" calculation noted by Judge Lin, and that is ongoing.

Google recognizes that the purpose of Rule 26 is to "to enable the defendant . . . to make informed decisions about discovery and other matters." *Klein*, 2021 WL 12348681, at *1. Here, Plaintiffs' disclosures provide ample information for Google to make informed decisions about discovery and other matters. Plaintiffs therefore respectfully request that the Court deny Google's request to compel further disclosures and allow Plaintiffs to supplement as the case progresses.

**SIGNATURE ATTESTATION**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Sonal N. Mehta. By her signature, Ms. Mehta attests that she has obtained concurrence in the filing of this document from each of the attorneys identified in the above signature block.

By:   */s/ Sonal N. Mehta*
      Sonal N. Mehta