UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY CROWELL, et al., | Case No. 25-cv-02775-RFL  (SK) |
| Plaintiffs, | |
| v. | **ORDER ON DISCOVERY DISPUTE** |
| GOOGLE LLC, et al., | Regarding Docket No. 102 |
| Defendants. | |

Now before the Court is the discovery dispute between the parties regarding whether Defendant Google LLC ("Google") is required to should produce materials from three other cases against it in the Northern District of California:  (1) *In re Google Play Store Antitrust Litigation*, Nos. 3:21-md-02981-JD and 3:20-cv-05671-JD ("*Play Store*"); (2) *Rodriguez v. Google LLC*, No. 3:20-cv-04688-RS ("*Rodriguez*"); and (3) *Brown v. Google LLC*, No. 4:20-cv-03664-YGR ("*Brown*").

In this case, as the District Judge described, "Plaintiffs allege that Google LLC has unlawfully foreclosed competition in the U.S. general search services market through exclusive dealing agreements with mobile device manufacturers, mobile device sellers, and browser developers."  (Dkt. No. 66.)  Plaintiffs here already have the findings of the Court in *United States v. Google LLC*, 747 F. Supp. 3d 1 (D.D.C. 2024) ("DOJ case"), and the District Judge already found that Google should produce "most everything" from the DOJ case.  (Dkt. Nos. 83, 86.)

Plaintiffs' counsel here already have the documents they seek from the Brown and Rodriguez actions because "they represented the plaintiffs in those cases."  (Dkt. No. 102.)  They do not have access to documents from the *Play Store* action.  Plaintiffs argue that the court should allow them to use any materials from *Brown* and *Rodriguez* in this litigation.  And with regard to *Play Store*, Plaintiffs argue that the Court order Google to produce all deposition materials and all

documents produced in that case.

Google argues that Plaintiffs should not be able to obtain "cloned discovery" from the three other actions because the issues in the other three cases and this case are not substantially similar. Google instead proposes that it apply search terms during a specified time period to the materials from the three other actions and that it produce those relevant documents from that search.

The undersigned agrees that the three other actions are not similar enough to this case to allow Plaintiffs the wholesale use of the materials in the other actions. The undersigned finds that Google's proposal, using the search terms based on subjects provided by Plaintiffs, and time period it proposed, is reasonable and proportional to the case. Thus, the undersigned DENIES Plaintiffs' request and ORDERS that Google review and produce the responsive documents.

**IT IS SO ORDERED**.

Dated: June 8, 2026

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

2