# EXHIBIT A

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
Alexander Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
John M. Lyons (*pro hac vice*)
James Keyte (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2332
jlyons@bsfllp.com
jkeyte@bsfllp.com

**LAW OFFICES OF LINGEL H. WINTERS**
Lingel H. Winters, CA Bar No. 37759
A Professional Corporation
2900 Shasta Rd.
Berkeley, California 94708
sawmill2@aol.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ZACHARY CROWELL, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>GOOGLE LLC,<br><br>     Defendant. | Case No. 3:25-cv-02775-RFL<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE LLC, SET TWO** |

Propounding Party:    Plaintiffs

Responding Party:    Defendant Google LLC

Set No.:    Two

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs hereby submit the following requests for production to Defendant Google LLC ("Google").  Each request is to be read in accordance with the Definitions and Instructions that follow.  Responses are due within thirty (30) days of service.

**DEFINITIONS**

1.    "Document" and "Documents" shall be synonymous in meaning and equal to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including without limitation original and any non-identical copy of every kind of written, printed, typed, recorded, or graphic matter, however produced or reproduced, including all emails, messages, chats, voicemail, correspondence, memoranda, notes, data, database, data compilation, spreadsheet, or other type of data or document within the scope of Rule 34.  This term shall apply to any document, whether in hard copy or electronic form, on any computers or other system.

2.    "Search distribution agreements" includes all agreements and amendments involving the distribution of any general search engine ("GSE"), including without limitation all agreements and amendments listed in Docket 888 in the *United States v. Google* and *State of Colorado et al. v. Google* action before Judge Mehta, Case Nos. 20-cv-3010 and 20-3715 (the "D.C. Search Case"), and referred to in Judge Mehta's rulings.

3.    "You," "Your," "Google," and "Defendant" shall mean Defendant Google LLC and each of its owners, predecessors, successors, divisions, subsidiaries, and affiliates, each other person directly or indirectly, wholly or in part, owned by it, and all present and former employees, agents, representatives, or other persons acting for or on behalf of any of them.

Case No. 3:25-cv-02775-RFL    2

## **INSTRUCTIONS**

1.      The Requests are continuing in nature.  You must promptly furnish supplemental responses if any additional documents or information is discovered or created after your responses are tendered, or if any of your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

2.      Respond to each request for production by producing the requested documents in their entirety, notwithstanding the fact that portions thereof may contain information not requested, along with every family document (such as any appendices, attachments, cover letters, exhibits, and schedules), that is in your possession, custody, or control.  If there are no documents in your possession, custody, or control that are responsive to a particular request for production, provide a written response stating so.

3.      All terms shall be given their most expansive and inclusive interpretation.  (a) The singular form of a word shall be interpreted as plural and vice versa.  (b) "And," "or," as well as "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.  (c) "All," "each" and "any" shall be construed as "all, each, and any."  (d) The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the Request any document that might otherwise be construed to be outside the scope of the Request.

4.      To the extent these Requests refer to a search, search data, or search activities, that should be interpreted broadly to include not only the initial search query but also, without limitation, any data and information collected, created, stored, processed, observed, inferred, or derived as a result of the search and all interactions with the search results, such as click-through rates, what the user clicked through and browsed, how long users hover over links, information regarding ads shown to the user and any interactions with those ads, the location of the user, the time of day, the device and type of device from which each query is issued, the access point and whether it was through a default, whether the user's location shows that the query resulted in a physical in-store purchase, and if applicable the status of any private browsing mode and user control settings.

5.      Each Request shall be responded to fully, unless it is objected to in good faith.  In that case, the reason(s) for the objection shall be stated in writing and with particularity.  If an objection is to only a

portion of the Request, state the objection as to that portion only and respond to any portion of the Request to which you do not object.

6.    Produce each responsive document and all family documents in accordance with the terms of any agreement between the parties regarding the production of documents.

7.    To the extent you object to or claim a privilege with respect to any Request or document in whole or in part, provide the following information for each document and each portion of any document withheld: (a) its Bates Number; (b) its type (e.g., email, memorandum, spreadsheet, text message); (c) any author(s) or sender(s); (d) any recipients; (e) any persons cc'd or bcc'd; (f) its date; (g) whether it was redacted or withheld; (h) the applicable privilege(s) or protection(s); and (i) a brief description of why the privilege(s) or protection(s) justify the redaction or withholding.  For all persons identified as author(s), sender(s), recipient(s), or copyees or blind copyees, identify for each person, his or her affiliation(s), title(s), and whether he or she is an attorney.

8.    Where a Request seeks to identify a person who is or may be a class member, in addition to any other information sought by the Request, the Request should be construed to seek the name, present or last known physical and/or email address, and identifiers associated with him or her.  Where a Request seeks to identify a person who is or was employed by Alphabet or Google, in addition to any other information sought by the Request, the Request should be construed to seek the name, present or last known physical and/or email address, the start and end date for his or her employment by Alphabet/Google, titles, units, responsibilities, and reporting structure with any changes over time.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 4:**

Data or other documents relating to the identification of class members.

**REQUEST FOR PRODUCTION NO. 5:**

Data or other documents relating to the number of class members.

**REQUEST FOR PRODUCTION NO. 6:**

Data or other documents relating to the identification of all Google account holders in the United States who conducted at least one Google search since October 20, 2016, including identification information (name, email address, other identifiers, etc.) associated with and for those accounts.

PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOOGLE, SET TWO

**REQUEST FOR PRODUCTION NO. 7:**

Data or other documents relating to the identification of people (including identification with a Google account identifier and/or other available identifiers) in the United States who since October 20, 2016 (a) conducted at least one Google search; (b) at some point had Google's Web and App Activity ("WAA") control turned off or paused; (c) at some point asked Google to delete their search data; and/or (d) at some point asked Google to limit the time period for which it saved their search data.

**REQUEST FOR PRODUCTION NO. 8:**

Data or other documents relating to the number of people (including identification with a Google account identifier and/or other available identifiers) in the United States who since October 20, 2016 (a) conducted at least one Google search; (b) at some point had Google's Web and App Activity ("WAA") control turned off or paused; (c) at some point asked Google to delete their search data; and (d) at some point asked Google to limit the time period for which it saved their search data.

**REQUEST FOR PRODUCTION NO. 9:**

Data or other documents relating to the number of Google accounts and devices per class member since October 20, 2016, with any changes over time and broken out by type for both accounts and devices (e.g., personal versus enterprise).

**REQUEST FOR PRODUCTION NO. 10:**

Data or other documents relating to the number of Google accounts and devices per class member since October 20, 2016, with any third party with whom Google had an exclusive search-default status agreement, with any changes over time and broken by type for both accounts and devices (e.g., personal versus enterprise).

**REQUEST FOR PRODUCTION NO. 11:**

Data or other documents relating to the average number of (a) days each person (including identification with a Google account identifier and/or other available identifiers) in the United States had at least one Google search since October 20, 2016; and (b) average number of daily Google searches per day for each person (including identification with a Google account identifier or other available identifiers) in the United States who had at least one Google search since October 20, 2016.

**REQUEST FOR PRODUCTION NO. 12:**

Data or other documents relating to the total and average number of months during which people (including identification with a Google account identifier and/or other available identifiers) in the United States had WAA off or paused since October 20, 2016.

**REQUEST FOR PRODUCTION NO. 13:**

Data or other documents relating to the total and average number of search queries people (including identification with a Google account identifier and/or other available identifiers) in the United States asked Google to delete since October 20, 2016.

**REQUEST FOR PRODUCTION NO. 14:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually (a) rewards or compensation Google would have paid Google search users if Google had paid Google search users under the Microsoft search rewards program discussed in the Third Amended Complaint; (b) the number of Google searches that would have met the requirements of the Microsoft search rewards program discussed in the Third Amended Complaint if adopted by Google; (c) the value of any rewards Google would offer on a per-search basis if it provided rewards to users with Google search.

**REQUEST FOR PRODUCTION NO. 15:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually any rewards or compensation Google would have paid any Google search users from or associated with a third party who had an exclusive search-default status agreement with Google.

**REQUEST FOR PRODUCTION NO. 16:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually of Google payments to class members based on payments with a choice screen for selecting Google as the default search engine on a particular device or browser.

**REQUEST FOR PRODUCTION NO. 17:**

Data or other documents relating to the amount that various search engines paid to be on choice screens in the European Union and United Kingdom during the period in which Google conducted auctions to determine who would appear on these choice screens on Android devices.

**REQUEST FOR PRODUCTION NO. 18:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually of a fixed payment to class members per month either by account or by device for the collection of search data (including based on programs that collected search and other data, such as Google's Screenwise program).

**REQUEST FOR PRODUCTION NO. 19:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually of a fixed monthly payment to class members for the time and attention they spend viewing advertisements while using Google search.

**REQUEST FOR PRODUCTION NO. 20:**

All event-level data, including but not limited to aggregated event-level data, tied to or resulting from Google searches by people in the United States since October 20, 2016, starting with production of a representative sample sufficient for analysis from whatever data Google has preserved.

**REQUEST FOR PRODUCTION NO. 21:**

Data or other documents sufficient to show for the period since October 20, 2016 (a) all types of information, data, or other records Google has collected, created, or stored as a result of people in the United States using Google search; (b) all data sources or logs where Google has collected, created, or stored information, data, or other records as a result of people in the United States using Google search; and (c) all ways in which Google has used information, data, or other records collected or saved as a result of people in the United States using Google search.

**REQUEST FOR PRODUCTION NO. 22:**

Data or other documents relating to the estimation of Google revenues and profits (both directly and indirectly, and both in the aggregate and individually) from Google search since October 20, 2016, from the use of information, data, or other records collected or saved as a result of class members using Google search.

**REQUEST FOR PRODUCTION NO. 23:**

Data or other documents related to Google's assessments of the return on investment, relating to Google's exclusive search-default status agreements, since January 1, 2005.

**REQUEST FOR PRODUCTION NO. 24:**

Data or other documents related to Google's assessments of the benefits to Google search and search-related advertisement, relating to Google's exclusive search-default status agreements, since January 1, 2005.

**REQUEST FOR PRODUCTION NO. 25:**

Updated for the period since October 20, 2016, the data referenced in UPXD104 from the D.C. Search Case.

**REQUEST FOR PRODUCTION NO. 26:**

If any of the data or other documents responsive to Requests 4 through 25 no longer exist, although they existed at the start of the antitrust investigation into Google search by the U.S. Department of Justice or the State Attorneys General, all documents relating to when and why such documents (including data, data sources, and logs) no longer exist and who was responsible for those decisions.

**REQUEST FOR PRODUCTION NO. 27:**

Data or other documents sufficient to identify all Google business units and people involved with or with knowledge of the alleged conduct at any time since January 1, 2005.

**REQUEST FOR PRODUCTION NO. 28:**

Data or other documents sufficient to identify all people involved with or with knowledge at any time since January 1, 2005 (a) the negotiation, execution of, and payments pursuant to the search distribution agreements; (b) market research and analysis regarding search engines and search competition and competitors; (c) analysis or consideration of any potential changes to Google search, including without limitation regarding compensation/rewards, privacy (including Incognito), and fewer or no ads; and (d) the controls offered by Google regarding the collection, storage, and use of search data.

**REQUEST FOR PRODUCTION NO. 29:**

Data or other documents sufficient to identify every person and organizational unit who at any time since January 1, 2005 (a) analyzed or discussed the value of exclusive search-default status; (b) analyzed or discussed a general search engine marketplace without exclusive search-default status agreements; (c) analyzed or discussed the value of securing default status in a market without Google exclusivity; or (d)

analyzed or discussed compensation/rewards for search or search data, the value of privacy features (including Incognito), or the value of fewer ads.

Dated: February 9, 2026

By:  /s/  Beko Reblitz-Richardson
     Beko Reblitz-Richardson

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
Alexander Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Hirsa Amin, CA Bar No. 349993
Owen D. Ward, CA Bar No. 365817
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com
hamin@bsfllp.com
oward@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
John M. Lyons *(pro hac vice)*
James Keyte *(pro hac vice)*
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2332
jlyons@bsfllp.com
jkeyte@bsfllp.com

**LAW OFFICES OF LINGEL H. WINTERS**
Lingel H. Winters, CA Bar No. 37759
A Professional Corporation
2900 Shasta Rd.
Berkeley, California 94708
sawmill2@aol.com

*Counsel for Plaintiffs*