# EXHIBIT B

WILMER CUTLER PICKERING
HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
CHRIS JOHNSTONE (SBN 242152)
Chris.Johnstone@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
Paul.Vanderslice@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant Google LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ZACHARY CROWELL, et al., | Case No. 3:25-cv-02775-RFL-SK |
| Plaintiffs, | **DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | Judge: Hon. Rita F. Lin<br>Magistrate Judge: Hon. Sallie Kim |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Google LLC ("Google"), by and through its attorneys, hereby submits the following Objections and Responses to Plaintiffs' Requests for Production of Documents to Google LLC, Set Two ("Requests").

## RESERVATION OF RIGHTS

Google's responses are based solely on information currently available to Google following a reasonable investigation and reflect Google's investigation of facts and discovery of information and documents relating to the claims and defenses at issue in this case. Accordingly, Google's responses to these Requests are based only upon Google's current knowledge and reasonable belief. Investigation and discovery are ongoing. Nothing in these responses shall be deemed an admission by Google of any information, or the relevance or admissibility of any information, for any purpose. Google's agreement to produce any category of information or documents is not a representation that any such documents or information in that category actually exist in Google's possession, custody, or control, or can be located through a reasonable search, or that such information or documents are relevant. Google reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the discovery process or other means. Google reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the Requests but discovered subsequent to the date of their response, including, but not limited to, any such information or documents obtained in discovery herein. In responding to the Requests, Google does not waive any objection on the ground of privilege, competency, relevance, materiality, authenticity, or admissibility of the information contained in these responses.

## GENERAL OBJECTIONS

Google hereby incorporates each of these general objections into its specific answers and objections to each of the Requests, whether or not Google refers to such objection in its specific answer to a specific Request.

1.      Google objects to the Definitions and Instructions to the extent that they are broader than, or impose conditions, obligations, or duties that exceed or differ from those required by the Federal Rules of Civil Procedure. Google's responses are limited to the scope of the discovery set forth therein.

2.      Google objects to each Request for Production, Definition, and Instruction to the extent it is vague, ambiguous, overly broad, unduly burdensome, or seeks information not relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.

3.      Google objects to each Request for Production, Definition, and Instruction to the extent it seeks documents outside Google's possession, custody, or control.

4.      Google objects to each Request for Production, Definition, and Instruction to the extent it requires Google to produce documents beyond what Google is able to locate upon a reasonable search of its own files and from a reasonable inquiry of its current employees.

5.      Google objects to each Request for Production to the extent it requests "all documents" as overly broad and unduly burdensome.

6.      Google objects to each Request for Production as overly broad and unduly burdensome to the extent it fails to impose any reasonable limitation on the locations and custodians from whom documents are sought.

7.      Google objects to each Request for Production to the extent it seeks to require Google to generate documents that do not already exist.

8.      Google objects to each Request for Production to the extent it seeks to require Google to provide documents that are publicly available and/or equally available to Plaintiffs as to Google.

9.      Google objects to each Request for Production to the extent it seeks documents protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense/common-interest doctrine, or any other applicable privilege or

-2-

protection. Google intends to and does claim all such protections and privileges. To the extent privileged or protected documents are produced, such production is inadvertent and shall not constitute a waiver of any privilege or protection.

10.     Google objects to each Request to the extent it seeks documents subject to contractual, statutory, regulatory, or court-ordered confidentiality obligations, including obligations to third parties and/or non-parties. Google will not produce such materials absent compliance with those obligations, including any required notice and/or consent.

11.     Google objects to each Request to the extent it seeks duplicative discovery or seeks to circumvent limits imposed by the Federal Rules, the Court's forthcoming scheduling order, or any applicable discovery protocols.

12.     Google objects to each Request to the extent it seeks disclosure of non-party confidential information or materials produced by non-parties in other proceedings, including materials subject to protective orders entered in other actions.

13.     Google objects to each Request for Production insofar as it seeks the production of documents that would violate the privacy rights of third- or non-parties; confidentiality or non-disclosure arrangements between Google and any of its current or former employees, or other persons or entities not connected to this litigation; the confidentiality of settlement discussions or agreements; or any court orders restricting the disclosure of such documents.

14.     Google objects to each Request for Production to the extent it seeks information Google is prohibited from disclosing under the Stored Communications Act, 18 U.S.C. § 2701 *et seq*.

15.     Google objects to each Request for Production to the extent that it is duplicative of any other discovery request.

16.     Google objects to each Request for Production to the extent that it is inconsistent with the forthcoming Stipulated Protective Order, the ESI Protocol, or any other Protocol or Order entered in this case. Any search for responsive custodial ESI will

No. 3:25-cv-2775-RFL-SK    GOOGLE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF RFPs

be based on the reasonable and proportional identification of custodians and search terms in compliance with the requirements of the ESI Protocol and will take into account the huge volume of documents Google has already agreed to reproduce from the D.C. Search Case.

17.    Google objects to each Request to the extent it seeks all documents, or to the extent it would purport to require Google to search for documents across the entire company as opposed to searching for documents of individual custodians based on search terms or other appropriate methods to identify relevant files.

18.    Google objects to each Request as unduly burdensome and not proportional to the needs of this case insofar as they seek documents before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    Google objects to the Definitions and Instructions to the extent they purport to expand or alter Google's obligations under the Federal Rules of Civil Procedure, including Rules 26 and 34, or to require Google to conduct discovery beyond that which is relevant to any party's claims or defenses and proportional to the needs of the case.

2.    Google objects to any Definition or Instruction that purports to require Google to produce documents or information that are not within Google's possession, custody, or control, or that are outside the scope of a reasonable search following a reasonable inquiry.

3.    Google objects to the Instructions to the extent they purport to require Google to identify, create, compile, summarize, or characterize information or documents that do not exist in the ordinary course of business or are not maintained in the form requested.

4.    Google objects to the Definitions and Instructions to the extent they seek documents or information that are subject to contractual, statutory, regulatory, or court-ordered confidentiality restrictions, including materials governed by the DC Search

-4-

Protective Order or involving third-party confidential information. Google will not produce such materials absent compliance with those obligations, including any required notice and consent procedures.

5.    Google objects to the Definitions and Instructions to the extent they are inconsistent with the forthcoming Stipulated Protective Order, the ESI Protocol, or any other Protocol or Order entered in this case.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 4:**

Data or other documents relating to the identification of class members.

**RESPONSE TO REQUEST NO. 4:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request because it seeks information requiring Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring the identification of putative class members at this stage of the litigation. There are no class members.

Google further objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" the identification of millions of Search users when a class has not yet been certified and when documents sufficient to show the identification of putative class members would be proportional to the needs of the case in all events.

Google further objects to this Request because the term "identification" is ambiguous and vague as to scope, time, and methodology.

Google further objects to this Request because it seeks documents that are subject to an obligation of confidentiality to a non-party, and because it seeks personally identifiable information, sensitive account information, or other individualized user-level data and device associations protected by statute or contract, the disclosure of which raises significant user-privacy and security concerns.

Google further objects to this Request as duplicative of Request Nos. 6–8 and 11.

Subject to and without waiving its objections, Google will not search for or produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 5:**

Data or other documents relating to the number of class members.

**RESPONSE TO REQUEST NO. 5:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring the number of putative class members at this stage of the litigation. There are no class members.

Google further objects to this Request because the phrase "data or other documents" is vague and ambiguous. The type, category, and format of information being requested is unclear.

Google further objects because this Request seeks information requiring Google to generate new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, all "data or other documents relating to" the number of class members when a class has not yet been

certified and when documents sufficient to show the number of putative class members would be proportional to the needs of the case in all events.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as duplicative of Request Nos. 6–8 and 11.

Subject to and without waiving its objections, Google will not search for or produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 6:**

Data or other documents relating to the identification of all Google account holders in the United States who conducted at least one Google search since October 20, 2016, including identification information (name, email address, other identifiers, etc.) associated with and for those accounts.

**RESPONSE TO REQUEST NO. 6:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" the identification of millions of Search users when a class has not yet been certified and when documents sufficient to show the identification of all U.S. Google account holders meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request because the term "identification" is ambiguous and vague as to scope, time, and methodology.

Google further objects to this Request because it seeks documents that are subject to an obligation of confidentiality to a non-party, and insofar as it seeks personally identifiable information, sensitive account information, or other individualized user-level

data and device associations protected by statute or contract, the disclosure of which raises significant user-privacy and security concerns.

Google further objects to this Request because it seeks information requiring Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects because this Request is duplicative of Request Nos. 4 and 5.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google will not search for or produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 7:**

Data or other documents relating to the identification of people (including identification with a Google account identifier and/or other available identifiers) in the United States who since October 20, 2016 (a) conducted at least one Google search; (b) at some point had Google's Web and App Activity ("WAA") control turned off or paused; (c) at some point asked Google to delete their search data; and/or (d) at some point asked Google to limit the time period for which it saved their search data.

**RESPONSE TO REQUEST NO. 7:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" the identification of millions of Search users when a

class has not yet been certified and when documents sufficient to show the identification of U.S. people meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request because the term "identification" is ambiguous and vague as to scope, time, and methodology, and because the phrase "other available identifiers" is vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

Google further objects to this Request because it seeks documents that are subject to an obligation of confidentiality to a non-party, and because it seeks personally identifiable information, sensitive account information (including user privacy settings and account-level activity), or other individualized user-level data and device associations protected by statute or contract, the disclosure of which raises significant user-privacy and security concerns.

Google further objects to this Request because it seeks information requiring Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as duplicative of Request Nos. 4, 5, and 8.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Data or other documents relating to the number of people (including identification with a Google account identifier and/or other available identifiers) in the United States who since October 20, 2016 (a) conducted at least one Google search; (b) at some point had Google's Web and App Activity ("WAA") control turned off or paused; (c) at some point asked Google to delete their search data; and (d) at some point asked Google to limit the time period for which it saved their search data.

**RESPONSE TO REQUEST NO. 8:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" the identification of millions of Search users when a class has not yet been certified and when documents sufficient to show the number of U.S. people meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request because the term "identification" is ambiguous and vague as to scope, time, and methodology, and because the phrase "other available identifiers" is vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

Google further objects to this Request because it seeks documents that are subject to an obligation of confidentiality to a non-party, and because it seeks personally identifiable information, sensitive account information (including user privacy settings and account-level activity), or other individualized user-level data and device associations protected by statute or contract, the disclosure of which raises significant user-privacy and security concerns.

GOOGLE'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SECOND SET OF RFPs

Google further objects to this Request because it seeks information requiring Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects because this Request is duplicative of Request Nos. 4, 5, and 7.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Data or other documents relating to the number of Google accounts and devices per class member since October 20, 2016, with any changes over time and broken out by type for both accounts and devices (e.g., personal versus enterprise).

**RESPONSE TO REQUEST NO. 9:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring information concerning the number of accounts and devices per putative class member at this stage of the litigation. There are no class members.

Google further objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no

GOOGLE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF RFPs

limitations, unspecified "data or other documents relating to" millions of Search users when a class has not yet been certified and when documents sufficient to show the number of Google accounts and devices per putative class member meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request as vague and ambiguous. This Request does not define what constitutes a "Google device"—*i.e.*, whether that means an Android device, any device associated with a Google account, or any device on which a user may have logged into a Google service. The phrases "any changes over time" and "broken out by type" are likewise undefined and render the material sought by this Request unclear.

Google further objects to this Request because it seeks individualized user-level data and device associations that may implicate significant privacy and security concerns. The number of Google accounts or devices associated with an individual does not bear on any alleged but-for world or the other claims and defenses in this action.

Google further objects because this Request would require Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Data or other documents relating to the number of Google accounts and devices per class member since October 20, 2016, with any third party with whom Google had an exclusive search-default status agreement, with any changes over time and broken by type for both accounts and devices (e.g., personal versus enterprise).

**RESPONSE TO REQUEST NO. 10:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring information concerning the number of accounts and devices per putative class member—particularly as associated with purported third-party agreements—at this stage of the litigation. There are no class members.

Google further objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" millions of Search users when a class has not yet been certified and when documents sufficient to show the number of Google accounts and devices per putative class member meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request as vague and ambiguous. This Request does not define what constitutes a "Google device"—*i.e.*, whether that means an Android device, any device associated with a Google account, or any device on which a user may have logged into a Google service. The phrases "any changes over time" and "broken out by type" are likewise undefined and render the material sought by this Request unclear. This Request is also vague with respect to what it means for an account or device to be "with" a third party with whom Google allegedly had an "exclusive search-default status agreement."

Google further objects to use of the term "exclusive search-default status agreement" insofar as it purports to characterize Google's Internet Services Agreements, Mobile Application Distribution Agreements, or Revenue Share Agreements with third parties. Google does not adopt or concede the implication that any such agreements are "exclusive" in the manner suggested by this Request or in the Complaint.

Google further objects to this Request because it seeks individualized user-level data and device associations that may implicate significant privacy and security concerns.

Google further objects to this Request because it seeks confidential third-party commercial information. The number of Google accounts or devices associated with an individual—including as purportedly related to a particular third-party agreement—does not bear on any alleged but-for world or the other claims and defenses in this action.

Google further objects because this Request would require the creation of new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Data or other documents relating to the average number of (a) days each person (including identification with a Google account identifier and/or other available identifiers) in the United States had at least one Google search since October 20, 2016; and (b) average number of daily Google searches per day for each person (including identification with a Google account identifier or other available identifiers) in the United States who had at least one Google search since October 20, 2016.

**RESPONSE TO REQUEST NO. 11:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" the identification of millions of Search users when a class has not yet been certified and when documents sufficient to show average Search usage metrics meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request because the term "identification" is ambiguous and vague as to scope, time, and methodology, and because the phrase "other available identifiers" is vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

Google further objects to this Request because it seeks documents that are subject to an obligation of confidentiality to a non-party, and because it seeks personally identifiable information, sensitive account information (including user privacy settings and account-level activity), or other individualized user-level data and device associations protected by statute or contract, the disclosure of which raises significant user-privacy and security concerns.

Google further objects to this Request because it seeks information requiring Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects because this Request is duplicative of Request Nos. 4 and 5.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the remaining scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Data or other documents relating to the total and average number of months during which people (including identification with a Google account identifier and/or other available identifiers) in the United States had WAA off or paused since October 20, 2016.

**RESPONSE TO REQUEST NO. 12:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" the identification of millions of Search users when a class has not yet been certified and when documents sufficient to show the total and average number of months meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request because the term "identification" is ambiguous and vague as to scope, time, and methodology, and because the phrase "other available identifiers" is vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

Google further objects to this Request because it seeks documents that are subject to an obligation of confidentiality to a non-party, and because it seeks personally identifiable information, sensitive account information (including user privacy settings and account-level activity), or other individualized user-level data and device associations protected by statute or contract, the disclosure of which raises significant user-privacy and security concerns.

-16-

Google further objects to this Request because it seeks information requiring Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the remaining scope of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Data or other documents relating to the total and average number of search queries people (including identification with a Google account identifier and/or other available identifiers) in the United States asked Google to delete since October 20, 2016.

**RESPONSE TO REQUEST NO. 13:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" the identification of millions of Search users when a class has not yet been certified and when documents sufficient to show the total and average number of Search queries meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request because the term "identification" is ambiguous and vague as to scope, time, and methodology, and because the phrases "other

available identifiers" and "relating to" are vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

Google further objects to this Request because it seeks documents that are subject to an obligation of confidentiality to a non-party, and because it seeks personally identifiable information, sensitive account information (including user privacy settings and account-level activity), or other individualized user-level data and device associations protected by statute or contract, the disclosure of which raises significant user-privacy and security concerns.

Google further objects to this Request because it seeks information requiring Google to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the remaining scope of this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually (a) rewards or compensation Google would have paid Google search users if Google had paid Google search users under the Microsoft search rewards program discussed in the Third Amended Complaint; (b) the number of Google searches that would have met the requirements of the Microsoft search rewards program discussed in the Third Amended Complaint if adopted by Google; (c) the

value of any rewards Google would offer on a per-search basis if it provided rewards to users with Google search.

**RESPONSE TO REQUEST NO. 14:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as vague and ambiguous. In particular, the phrase "relating to or as inputs for estimating" provides no meaningful guidance as to the scope of what unspecified "data or other documents" Plaintiffs seek, including what constitutes an "input," what "estimat[ion]" methodologies Plaintiffs have in mind, or whether Plaintiffs seek factual materials or analytical models, for example.

Google further objects to this Request as vague, ambiguous, and not reasonably proportionate to the needs of the case because it is premised on the flawed assumption that Google would have paid any Search users under a rewards or compensation model.

Google further objects to this Request because it requires the creation of new analyses or a new database, compilation, or report not maintained in the ordinary course of business, and because it purports to seek premature expert analysis outside the scope of discovery.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects because this Request is duplicative of Request No. 15.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually any rewards or compensation Google would have paid any Google search users from or associated with a third party who had an exclusive search-default status agreement with Google.

**RESPONSE TO REQUEST NO. 15:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as vague and ambiguous. In particular, the phrase "relating to or as inputs for estimating" provides no meaningful guidance as to the scope of what unspecified "data or other documents" Plaintiffs seek, including what constitutes an "input," what "estimat[ion]" methodologies Plaintiffs have in mind, or whether Plaintiffs seek factual materials or analytical models, for example.

Google further objects to this Request as vague, ambiguous, and not reasonably proportionate to the needs of the case because it is premised on the flawed assumption that Google would have paid any Search users under a rewards or compensation model.

Google further objects to use of the term "exclusive search-default status agreement" insofar as it purports to characterize Google's Internet Services Agreements, Mobile Application Distribution Agreements, or Revenue Share Agreements with third parties. Google does not adopt or concede the implication that any such agreements are "exclusive" in the manner suggested by this Request or in the Complaint.

Google further objects to this Request because it requires the creation of new analyses or a new database, compilation, or report not maintained in the ordinary course of business, and because it purports to seek premature expert analysis outside the scope of discovery.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as duplicative of Request No. 14.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually of Google payments to class members based on payments with a choice screen for selecting Google as the default search engine on a particular device or browser.

**RESPONSE TO REQUEST NO. 16:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring information concerning hypothetical payments to putative class members at this stage of the litigation. There are no class members.

Google further objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" millions of Search users when a class has not yet been certified and when documents sufficient to show information for estimating hypothetical payments meeting the parameters of this Request would be proportional to the needs of the case in all events.

-21-

Google further objects to this Request as vague and ambiguous. In particular, the phrase "relating to or as inputs for estimating" provides no meaningful guidance as to the scope of data or documents that Plaintiffs seek, including what constitutes an "input," what "estimat[ion]" methodologies Plaintiffs have in mind, or whether Plaintiffs seek factual materials or analytical models, for example. The phrase "payments with a choice screen for selecting Google as the default search engine" is similarly vague.

Google further objects to this Request as vague, ambiguous, and not reasonably proportionate to the needs of the case because it is premised on the flawed assumption that Google would have paid any Search users under a rewards or compensation model.

Google further objects to this Request because it requires the creation of new analyses or a new database, compilation, or report not maintained in the ordinary course of business, and because it purports to seek premature expert analysis outside the scope of discovery.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Data or other documents relating to the amount that various search engines paid to be on choice screens in the European Union and United Kingdom during the period in which Google conducted auctions to determine who would appear on these choice screens on Android devices.

GOOGLE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF RFPs

**RESPONSE TO REQUEST NO. 17:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request because the term "various search engines" is vague and ambiguous. The phrase "data or other documents" is similarly vague and ambiguous, rendering the type, category, and format of information being requested unclear.

Google further objects to this Request as lacking relevance and proportionality to the needs of the case—Plaintiffs' claims are limited to the United States, but this Request purports to seek information concerning products, markets, and regulatory regimes in the European Union and United Kingdom. Payments made by other search engines to appear on international choice screens do not bear on any alleged but-for world or the others claims and defenses in this action.

Google further objects to this Request because it seeks confidential commercial information belonging to third parties or information subject to contractual or regulatory restrictions.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case insofar as "the period in which Google conducted auctions" purports to seek documents before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually of a fixed payment to class

-23-

members per month either by account or by device for the collection of search data (including based on programs that collected search and other data, such as Google's Screenwise program).

**RESPONSE TO REQUEST NO. 18:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring information concerning hypothetical monthly payments to putative class members at this stage of the litigation. There are no class members.

Google further objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" millions of Search users when a class has not yet been certified and when documents sufficient to show information for estimating hypothetical fixed monthly payments meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request as vague and ambiguous. In particular, the phrase "relating to or as inputs for estimating" provides no meaningful guidance as to the scope of data or documents that Plaintiffs seek, including what constitutes an "input," what "estimat[ion]" methodologies Plaintiffs have in mind, or whether Plaintiffs seek factual materials or analytical models, for example.

Google further objects to this Request as vague, ambiguous, and not reasonably proportionate to the needs of the case because it is premised on the flawed assumption that Google would have paid any Search users under a rewards or compensation model.

Google further objects to this Request because it requires the creation of new analyses or a new database, compilation, or report not maintained in the ordinary course of

business, and because it purports to seek premature expert analysis outside the scope of discovery.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Data or other documents for the period since October 20, 2016 relating to or as inputs for estimating both in the aggregate and individually of a fixed monthly payment to class members for the time and attention they spend viewing advertisements while using Google search.

**RESPONSE TO REQUEST NO. 19:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring information concerning hypothetical monthly payments to putative class members for their "time and attention" at this stage of the litigation. There are no class members.

Google further objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" millions of Search users when a class has not yet been certified and when documents sufficient to show information

for estimating hypothetical monthly payments meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request as vague and ambiguous. In particular, the phrase "relating to or as inputs for estimating" provides no meaningful guidance as to the scope of data or documents that Plaintiffs seek, including what constitutes an "input," what "estimat[ion]" methodologies Plaintiffs have in mind, or whether Plaintiffs seek factual materials or analytical models, for example. This Request is also vague as to what constitutes "time and attention" or how such concepts would be measured.

Google further objects to this Request as vague, ambiguous, and not reasonably proportionate to the needs of the case because it is premised on the flawed assumption that Google would have paid any Search users under a rewards or compensation model.

Google further objects to this Request because it requires the creation of new analyses or a new database, compilation, or report not maintained in the ordinary course of business, and because it purports to seek premature expert analysis outside the scope of discovery.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 20:**

All event-level data, including but not limited to aggregated event-level data, tied to or resulting from Google searches by people in the United States since October 20, 2016,

GOOGLE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF RFPs

starting with production of a representative sample sufficient for analysis from whatever data Google has preserved.

**RESPONSE TO REQUEST NO. 20:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, irrelevant, unduly burdensome, and not proportional to the needs of the case. Plaintiffs purport to seek "all event-level data" "tied to or resulting from" Google searches over nearly a decade notwithstanding the irrelevance of such data to their claims or that granular "event-level" information—rather than aggregate metrics—would be unnecessary and inappropriate considering the significant technical, feasibility, and user-privacy concerns.

Google further objects to this Request as vague and ambiguous. This Request does not define what constitutes "event-level data," nor does it explain what Plaintiffs mean by a "representative sample sufficient for analysis," what methodology would render a sample "representative," or what analysis Plaintiffs intend to perform using the sample. It is also unclear what scope and meaning Plaintiffs are ascribing to the phrase "tied to or resulting from Google searches."

Google further objects because this Request requires it to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google awaits a response from Plaintiffs explaining the relevance of the data sought and once received is willing to

-27-

continue meeting and conferring with Plaintiffs to determine the appropriate scope of this Request, if any.

**REQUEST FOR PRODUCTION NO. 21:**

Data or other documents sufficient to show for the period since October 20, 2016 (a) all types of information, data, or other records Google has collected, created, or stored as a result of people in the United States using Google search; (b) all data sources or logs where Google has collected, created, or stored information, data, or other records as a result of people in the United States using Google search; and (c) all ways in which Google has used information, data, or other records collected or saved as a result of people in the United States using Google search.

**RESPONSE TO REQUEST NO. 21:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, irrelevant, unduly burdensome, and not proportional to the needs of the case. This Request seeks a comprehensive inventory of "all" Google Search-related data, logs, and uses over nearly a decade, despite such an expansive catalog being irrelevant to any claim or defense in this action.

Google further objects to this Request because the phrase "sufficient to show" is ambiguous and vague, overly broad, unduly burdensome, and not proportional to the needs of the case. The phrase "data or other documents" is similarly vague and ambiguous, rendering the type, category, and format of information being requested unclear.

Google further objects to this Request because it constitutes improper discovery-on-discovery. It seeks information regarding the types, sources, and uses of the data or records that Google has collected, created, or stored, inquiring into the nature and scope of Google's data collection and retention practices rather than seeking the production of documents relevant to the claims or defenses in this action.

Google further objects to this Request because it is cumulative. On September 26, 2025, Google provided Plaintiffs with information regarding Google's systems for logging and maintaining data about users' interactions with Google Search, including descriptions of Search logs and Search Ads logs. Additional information is unnecessary and irrelevant.

Google further objects because this Request requires it to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Data or other documents relating to the estimation of Google revenues and profits (both directly and indirectly, and both in the aggregate and individually) from Google search since October 20, 2016, from the use of information, data, or other records collected or saved as a result of class members using Google search.

**RESPONSE TO REQUEST NO. 22:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as premature because no motion to certify a class has been filed and there is no basis for requiring information concerning alleged revenues or profits attributable to putative class members using Google Search at this stage of the litigation. There are no class members.

-29-

Google further objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks, with no limitations, unspecified "data or other documents relating to" millions of Search users when a class has not yet been certified and when documents sufficient to show the estimation of Search revenues and profits meeting the parameters of this Request would be proportional to the needs of the case in all events.

Google further objects to this Request as vague and ambiguous. Among other deficiencies, the phrases "directly or indirectly" and "from the use of information, data, or other records collected or saved" are undefined and ambiguous.

Google further objects because this Request requires it to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Data or other documents related to Google's assessments of the return on investment, relating to Google's exclusive search-default status agreements, since January 1, 2005.

**RESPONSE TO REQUEST NO. 23:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly burdensome, irrelevant, and not proportional to the needs of the case. Google's internal assessments of return on investment purportedly relating to "exclusive search-default status agreements" over a twenty-year period do not bear on the claims or defenses in this action.

Google further objects to this Request because the phrase "data or other documents" and "return on investment" are vague and ambiguous. The type, category, and format of information being requested is unclear.

Google further objects to use of the term "exclusive search-default status agreement" insofar as it purports to characterize Google's Internet Services Agreements, Mobile Application Distribution Agreements, or Revenue Share Agreements with third parties. Google does not adopt or concede the implication that any such agreements are "exclusive" in the manner suggested by this Request or in the Complaint.

Google further objects to this Request as duplicative of Request Nos. 1 and 24.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to January 1, 2005, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Data or other documents related to Google's assessments of the benefits to Google search and search-related advertisement, relating to Google's exclusive search-default status agreements, since January 1, 2005.

-31-
GOOGLE'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SECOND SET OF RFPs

**RESPONSE TO REQUEST NO. 24:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly burdensome, lacking relevance, and not proportional to the needs of the case. This Request seeks identification of documents and data within a broad scope over a twenty-year period, without regard to whether such information is relevant to any claims or defenses in this action.

Google further objects to this Request because the term "benefits to Google search" is vague and ambiguous. The phrase "data or other documents" is also vague and ambiguous, rendering the type, category, and format of information being requested unclear.

Google further objects to use of the term "exclusive search-default status agreement" insofar as it purports to characterize Google's Internet Services Agreements, Mobile Application Distribution Agreements, or Revenue Share Agreements with third parties. Google does not adopt or concede the implication that any such agreements are "exclusive" in the manner suggested by this Request or in the Complaint.

Google further objects to this Request as duplicative of Request Nos. 1 and 23.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to January 1, 2005, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google is willing to meet and confer regarding the scope of this Request.

GOOGLE'S OBJECTIONS AND RESPONSES TO
                                                    PLAINTIFFS' SECOND SET OF RFPs

**REQUEST FOR PRODUCTION NO. 25:**

Updated for the period since October 20, 2016, the data referenced in UPXD104 from the D.C. Search Case.

**RESPONSE TO REQUEST NO. 25:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as vague and ambiguous. Plaintiffs do not identify what specific "data referenced in UPXD104" they seek to have updated. UPXD104 is an 82-slide exhibit from the D.C. Search Case containing a variety of data, analyses, and summaries from DOJ's expert, Michael Whinston. Plaintiffs have not identified which particular data points, tables, figures, or categories of information are purportedly within scope of this Request.

Google further objects to this Request as overly broad and not proportional to the needs of the case because it seeks the wholesale recreation of an expert exhibit from another proceeding, without regard to relevance to the claims or defenses in this action or to the manner in which the underlying data was generated, maintained, or used.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to October 20, 2016, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Subject to and without waiving its objections, Google will not search for or produce documents in response to this Request. However, Google is willing to meet and confer regarding the scope and feasibility of producing updated data from UPXD104.

-33-

**REQUEST FOR PRODUCTION NO. 26:**

If any of the data or other documents responsive to Requests 4 through 25 no longer exist, although they existed at the start of the antitrust investigation into Google search by the U.S. Department of Justice or the State Attorneys General, all documents relating to when and why such documents (including data, data sources, and logs) no longer exist and who was responsible for those decisions.

**RESPONSE TO REQUEST NO. 26:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case. This Request seeks sweeping discovery-on-discovery concerning the non-existence of data or documents responsive to numerous other Requests, without any showing that responsive materials were improperly destroyed or that any preservation obligations were violated. This Request constitutes a fishing expedition, seeking to require Google to investigate hypothetical data-retention or deletion decisions across a wide range of systems and time periods without any factual basis.

Google further objects because this Request requires it to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Subject to and without waiving its objections, Google will not search for or produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Data or other documents sufficient to identify all Google business units and people involved with or with knowledge of the alleged conduct at any time since January 1, 2005.

-34-

**RESPONSE TO REQUEST NO. 27:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, vague, irrelevant, and not proportional to the needs of the case. This Request seeks identification of "all" business units and people with "knowledge" of unspecified "alleged conduct" over a twenty-year period, without any meaningful limitation as to subject matter or role and without defining the requisite scope of their "knowledge" and without regard to whether such information is relevant to any claims of defenses in this action.

Google further objects to this Request because the phrase "sufficient to identify" is ambiguous and vague, overly broad, unduly burdensome, and not proportional to the needs of the case. The phrase "data or other documents" is similarly vague and ambiguous. The type, category, and format of information being requested is unclear.

Google further objects because this Request requires it to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects because this Request is duplicative of Request Nos. 1, 2, 28, and 29.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to January 1, 2005, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Google further objects to this Request because it purports to seek a list of custodians in lieu of documents, notwithstanding the fact that the parties are already negotiating such a list.

-35-

Google further objects to this Request because it seeks information that is more appropriately obtained through other mechanisms for discovery, including for example Google's document production in this case which will include, at Plaintiffs' insistence, millions of pages of documents from the D.C. Search Case.

Subject to and without waiving its objections, Google is willing to continue to meet and confer with Plaintiffs to determine the appropriate scope of D.C. Search Case materials to produce for this action, and has already agreed to further meet and confer with Plaintiffs regarding Plaintiffs' request for additional information about certain Google custodians in the D.C. Search Case and Plaintiffs' questions regarding Google's collection, review and production of documents in the D.C. Search Case.

**REQUEST FOR PRODUCTION NO. 28:**

Data or other documents sufficient to identify all people involved with or with knowledge at any time since January 1, 2005 (a) the negotiation, execution of, and payments pursuant to the search distribution agreements; (b) market research and analysis regarding search engines and search competition and competitors; (c) analysis or consideration of any potential changes to Google search, including without limitation regarding compensation/rewards, privacy (including Incognito), and fewer or no ads; and (d) the controls offered by Google regarding the collection, storage, and use of search data.

**RESPONSE TO REQUEST NO. 28:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, vague, irrelevant, and not proportional to the needs of the case. This Request seeks identification of "all" people with "knowledge" over a twenty-year period, without any meaningful limitation as to their role or the requisite scope of their "knowledge" and without regard to whether such information is relevant to any claims of defenses in this action.

Google further objects to this Request because the phrase "sufficient to identify" is ambiguous and vague, overly broad, unduly burdensome, and not proportional to the needs of the case. The phrase "data or other documents" is similarly vague and ambiguous. The type, category, and format of information being requested is unclear.

Google further objects because this Request requires it to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects because this Request is duplicative of Request Nos. 1, 2, and 27.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to January 1, 2005, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Google further objects to this Request because it purports to seek a list of custodians in lieu of documents, notwithstanding the fact that the parties are already negotiating such a list.

Google further objects to this Request because it seeks information that is more appropriately obtained through other mechanisms for discovery, including for example Google's document production in this case which will include, at Plaintiffs' insistence, millions of pages of documents from the D.C. Search Case.

Subject to and without waiving its objections, is willing to continue to meet and confer with Plaintiffs to determine the appropriate scope of D.C. Search Case materials to produce for this action, and has already agreed to further meet and confer with Plaintiffs regarding Plaintiffs' request for additional information about certain Google custodians in the D.C. Search Case and Plaintiffs' questions regarding Google's collection, review and production of documents in the D.C. Search Case.

-37-

**REQUEST FOR PRODUCTION NO. 29:**

Data or other documents sufficient to identify every person and organizational unit who at any time since January 1, 2005 (a) analyzed or discussed the value of exclusive search-default status; (b) analyzed or discussed a general search engine marketplace without exclusive search-default status agreements; (c) analyzed or discussed the value of securing default status in a market without Google exclusivity; or (d) analyzed or discussed compensation/rewards for search or search data, the value of privacy features (including Incognito), or the value of fewer ads.

**RESPONSE TO REQUEST NO. 29:**

Google incorporates by reference its General Objections and its Objections to Definitions and Instructions.

Google objects to this Request as overly broad, vague, irrelevant, and not proportional to the needs of the case. This Request seeks identification of "all" people and units who "analyzed or discussed" an array of topics over a twenty-year period, without any meaningful limitation as to their role, forum, or the requisite scope of their analysis or discussion and without regard to whether such information is relevant to any claims of defenses in this action.

Google further objects to this Request because the phrase "sufficient to identify" is ambiguous and vague, overly broad, unduly burdensome, and not proportional to the needs of the case. The phrase "data or other documents" is similarly vague and ambiguous. The type, category, and format of information being requested is unclear.

Google further objects to use of the term "exclusive search-default status agreement" insofar as it purports to characterize Google's Internet Services Agreements, Mobile Application Distribution Agreements, or Revenue Share Agreements with third parties. Google does not adopt or concede the implication that any such agreements are "exclusive" in the manner suggested by this Request or in the Complaint.

Google further objects because this Request requires it to create new analyses or a new database, compilation, or report not maintained in the ordinary course of business.

Google further objects because this Request is duplicative of Request Nos. 1, 2, and 27.

Google further objects to this Request as it seeks the discovery of documents that are protected from disclosure by the attorney client privilege, work-product doctrine, or other applicable privileges or immunities.

Google further objects to this Request as unduly burdensome and not proportional to the needs of this case because it seeks documents dating back to January 1, 2005, which is before the earliest alleged new overt act within the limitations period. Dkt. 66 at 19.

Google further objects to this Request because it purports to seek a list of custodians in lieu of documents, notwithstanding the fact that the parties are already negotiating such a list.

Google further objects to this Request because it seeks information that is more appropriately obtained through other mechanisms for discovery, including for example Google's document production in this case which will include, at Plaintiffs' insistence, millions of pages of documents from the D.C. Search Case.

Subject to and without waiving its objections, Google is willing to continue to meet and confer with Plaintiffs to determine the appropriate scope of D.C. Search Case materials to produce for this action, and has already agreed to further meet and confer with Plaintiffs regarding Plaintiffs' request for additional information about certain Google custodians in the D.C. Search Case and Plaintiffs' questions regarding Google's collection, review and production of documents in the D.C. Search Case.

Dated:  March 11, 2026

Respectfully submitted,

By: */s/  David Z. Gringer*

SONAL N. MEHTA (SBN 222086)
  sonal.sehta@wilmerhale.com
CHRIS JOHNSTONE (SBN 242152)
  Chris.Johnstone@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
  David.Gringer@wilmerhale.com
PAUL VANDERSLICE
  Paul.Vanderslice@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:  (212) 230-8800


*Attorneys for Defendant Google LLC*

No. 3:25-cv-2775-RFL-SK

GOOGLE'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SECOND SET OF RFPs