**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
Alexander Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
John M. Lyons (*pro hac vice*)
James Keyte (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: 212 446 2332
jlyons@bsfllp.com
jkeyte@bsfllp.com

**LAW OFFICES OF LINGEL H. WINTERS**
Lingel H. Winters, CA Bar No. 37759
A Professional Corporation
2900 Shasta Rd.
Berkeley, California 94708
sawmill2@aol.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY CROWELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 3:25-cv-02775-RFL-SK<br><br>**PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 119<br><br>Judge: Honorable Sallie Kim<br>Magistrate Judge: Hon. Sallie Kim<br><br>**Oral Argument Requested** |

Case No. 3:25-cv-02775-RFL-SK

## **INTRODUCTION**

This motion follows many months of delay and obstruction by Google.  After the CMC in February 2026, where Your Honor suggested a March 4 deadline for Google to produce all of its materials from the DOJ search case, Google insisted on breaking up production of its materials into what has so far been 49 separate productions over five months.  Google has concurrently delayed and obstructed production of additional documents sought by Plaintiffs relating to the claims and issues unique to this case.  Plaintiffs have submitted eight disputes to Magistrate Judge Kim, each detailing Google's ongoing efforts to delay discovery and withhold relevant discovery.

This motion concerns a dispute regarding the selection of Google document custodians.  With Dkt. No. 107, Plaintiffs asked Magistrate Judge Kim to order Google to include 65 current and former Google employees as document custodians who were never document custodians in the DOJ search case (the "new" document custodians).  These 65 people include Google employees who had some of their emails produced from the files of *other* custodians in the DOJ search case, where those emails demonstrate these 65 people are likely have other documents relevant to this case.

These are important document custodians who, for example, wrote about how Google should create a "rewards program" for Google search users; how Google should create a "privacy mode" for Google search; and how Google early on developed a "king-of-the-hill" strategy for search to "block out competitors" and create a search "juggernaut" that is "almost impossible to dislodge." Dkt. No. 107 at 4-5.  Plaintiffs identified for Google documents demonstrating the relevance of each of these 65 people, explaining why Plaintiffs sought to include them as document custodians.

Magistrate Judge Kim limits each side to four pages when briefing discovery disputes, so Plaintiffs offered to provide Magistrate Judge Kim with information supporting their request for each of these 65 people.  Plaintiffs also requested oral argument so that they could answer any questions that Magistrate Judge Kim might have regarding this dispute or the proposed custodians.

PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Dkt. No. 119)

The order on this dispute (Dkt. No. 119) was in error.  That order began by recognizing that Plaintiffs sought to compel Google to "produce documents for 65 current and former Google employees who were not custodians in the Department of Justice case" and that "some matters in this case are different from the case before the Department of Justice" but then ended by ordering only *depositions*.  Without oral argument or any information beyond the initial submission, the order provides for no additional custodians.  That was an error, and Plaintiffs now respectfully seek relief.

## **ARGUMENT**

The challenged order erred by treating Plaintiffs' request for document custodians as a request for depositions.  With Dkt. No. 107, Plaintiffs sought to compel Google to produce *documents* by including 65 Google employees as demonstrably relevant document custodians.  The order erroneously treated this as a request for *depositions*, concluding that 65 as a "number of deponents" was somehow overly burdensome and instead allowing Plaintiffs to "take the depositions" of 15 people, without ever adjudicating the parties' dispute over document production by Google.  Dkt. No. 119.  That was error.  *See, e.g.*, *IntusCare, Inc. v. RTZ Assocs., Inc.*, No. 24-cv-01132-JST, 2026 WL 1785117, at *1 (N.D. Cal. June 22, 2026) ("By granting relief that neither party requested, the magistrate judge failed to adhere to the 'principle of party presentation'—i.e., 'that points not argued will not be considered.'") (citation omitted).

No party was seeking any relief regarding depositions.  Magistrate Judge Kim already entered an order based on a stipulation permitting Plaintiffs to obtain up to 155 hours of testimony from current and former Google employees, which should minimize any future disputes.  Dkt. No. 106.  More importantly, ordering depositions puts the cart before the horse.  Plaintiffs seek to first receive and review documents from these 65 custodians, so they can then determine who to depose and what to cover in those depositions.  The dispute was solely focused on documents.

Plaintiffs ask that the Court order production for all 65 custodians.

*First*, Plaintiffs in letters to Google demonstrated that each of the 65 individuals is likely to have relevant documents. *See* Declaration of Beko Reblitz-Richardson ("Richardson Decl.") ¶ 4 & and Exs. 1-2. The exemplar documents cited by Plaintiffs were produced from the files of other Google custodians in the DOJ search case, and they are a strong indication that each of these 65 new custodians has relevant documents, but Google only agreed to include 15 of those people as custodians (some with time period limits chosen by Google that result in Google including the custodian but then producing *zero* documents to Plaintiffs). In any event, Magistrate Judge Kim recognized that all nine proposed custodians listed in Dkt. No. 107 had relevant information by allowing their depositions. Had Plaintiffs been permitted to provide similar information for the other individuals, such as by submitting the two letters now provided to the Court with this motion, they also could have established the remaining proposed custodians likely have relevant materials.

*Second*, Google never substantiated its burden argument. Google refused to provide the "hit counts" data routinely offered as part of burden arguments. *See, e.g.*, *In re Subpoenas to Lyfe Cap., Derek Yuan, & James Zhao*, No. 25-mc-80399-LJC, 2026 WL 773094, at *3 (N.D. Cal. Mar. 19, 2026) (ordering hit counts to be shared to facilitate discussions regarding burden). When Google asserted that just providing hit count data would be unreasonably burdensome, Plaintiffs asked Google to at least provide for each of the 65 new custodians (1) the dates of the first and last documents, and (2) the total volume of documents for each so that Plaintiffs could make judgments about each proposed custodian's relative burden and relevance. Google has not provided that information. It is not enough for Google to just say that these custodians have lots of documents. Google should have applied Plaintiffs' proposed search terms and provided hit counts.

*Third*, any burden is mitigated by Plaintiffs' willingness to limit Google's review. Plaintiffs initially proposed searches tied to specific document request, but they then reduced their request to just 10 searches. Richardson Decl. ¶ 6 (listing ten searches). Plaintiffs are also willing to have

Google *exclude* from its review all documents from the earlier time period covered by the DOJ review (through February 2021) that hit on *any* of the DOJ search terms.  While that exclusion may result in Google withholding relevant documents, Plaintiffs are willing to proceed with that limitation to reduce the burden on Google and expedite production.  Google has claimed that this exclusion is technically challenging, but Google (of all companies) should be able to run this search.

*Fourth*, the burden on Google is proportional given what is at stake in this case and the unique issues in this action.  This is a class action alleging injury to consumers.  Issues that are important here, such as class certification, damages, and how search engines would have competed in the but-for world (including by offering rewards or compensation to search users), were not the focus of discovery in the DOJ search case.  As one example of what is at stake, one of the 65 people Plaintiffs seek to include as a custodian is a Google employee who wrote about the Bing Rewards program cited by the Court in its motion to dismiss order.  *See* Dkt. No. 66 at 9.  That Google employee wrote that, if you consider the payments made by Microsoft to search users with Bing Rewards, "Google's service is overpriced by about 35% ($2.5B quarterly)."  Dkt. No. 107 at 5.  Documents from that individual are highly relevant here, enabling Plaintiffs to support their claims and use Google's own internal documents to rebut anticipated arguments.

*Fifth*, these custodians are especially important given Google's contentions and defenses.  In *Arcell*, Google's counsel (who Google recently added as counsel in this case) represented that no company had ever paid users for search.  *See* Dkt. No. 57 at 2 n.1 (summarizing statements).  When Plaintiffs identified multiple examples of companies paying users for search, Google's counsel from the start of this case pivoted, characterizing search payments as a "gimmick" and "not viable business models" (Dec. 2, 2025 Hr'g Tr. at 9:7–10) and also taking the position that it is implausible that Google would ever pay users for searches (Dec. 2, 2025 Hr'g Tr. 6:19–21, 12:7–12).  Google also attacked Plaintiffs' antitrust injury theories as "theoretical" and "fanciful."  Dkt. No. 66 at 9.

Plaintiffs reasonably seek documents from Google to test these sweeping assertions, especially as it appears that many Google employees who were never custodians in the DOJ search case have for many years proposed that Google pay users for search or offer rewards programs.  Google should not be permitted to attack Plaintiffs' claims as a "gimmick" but then refuse discovery regarding the extent to which Google's executives and employees proposed and considered paying users.  With Google seeking summary judgment in *Arcell* on the basis that "[t]here is zero evidence in the record that Google would have 'compensated' users for using its free search engine" (*Arcell*, Dkt. No. 258 at 4:1-2), Plaintiffs are entitled to seek such evidence for this case.

*Sixth*, Plaintiffs were diligent, and this request is timely.  Plaintiffs served four sets of documents requests on Google, on January 30 (Set 1), February 9 (Set 2), March 9 (Set 3), and April 24 (Set 4).  Plaintiffs sent Google many correspondences regarding these document requests, on March 18, April 1, April 6, April 8, April 9, April 24, April 29, April 30, May 11, May 14, May 28, June 2, June 4, June 9, June 16, and many other dates.  Lead counsel met and conferred on March 6, March 9, March 18, March 26, April 10, May 1, June 30, July 2, July 14, and July 22.  Those lead counsel meet and confers led to filings with Magistrate Judge Kim, including Dkt. No. 107.  The Court ordered substantial completion of document production by October 16 (Dkt. No. 88 at 5), and Plaintiffs seek to have Google promptly include these custodians and produce documents.

*Seventh*, in terms of seeking 65 custodians, context matters.  Google's parent company has about 200,000 employees.  Richardson Decl. ¶ 7.  Tens of thousands of Google employees have worked on Google search.  There were 199 custodians in the DOJ search case, but that selection did not even focus – which is critical here – on identifying Google employees who proposed that Google change Google search to pay users or provide greater privacy or reduced ads.  Plaintiffs identified these 65 custodians as people likely to have relevant documents, including on these issues.  That selection was reasonable, and the order erred by not directing Google to include those custodians.

PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Dkt. No. 119)

Dated: August 5, 2026

By:    /s/ Beko Reblitz-Richardson
      Beko Reblitz-Richardson

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
Alexander Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Tel.: (914) 749-8200
dboies@bsfllp.com
aboies@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
Mark C. Mao, CA Bar No. 236165
Beko Reblitz-Richardson, CA Bar No. 238027
Hirsa Amin, CA Bar No. 349993
Owen D. Ward, CA Bar No. 365817
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800
Fax: (415) 293-6899
mmao@bsfllp.com
brichardson@bsfllp.com
hamin@bsfllp.com
oward@bsfllp.com

**BOIES SCHILLER FLEXNER LLP**
John M. Lyons (*pro hac vice*)
James Keyte (*pro hac vice*)
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2332
jlyons@bsfllp.com
jkeyte@bsfllp.com

**LAW OFFICES OF LINGEL H. WINTERS**
Lingel H. Winters, CA Bar No. 37759
A Professional Corporation
2900 Shasta Rd.
Berkeley, California 94708
sawmill2@aol.com

*Counsel for Plaintiffs*