**<u>VIA CM/ECF FILING</u>**
September 25, 2026
The Honorable Sallie Kim
United States District Court, Northern District of California
Courtroom C – 15th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

**Re: *Crowell v. Google LLC*, No. 3:25-cv-02775-RFL-SK (N.D. Cal.)**

Dear Judge Kim:

Pursuant to Your Honor's Standing Order, the parties respectfully submit this letter brief regarding Plaintiffs' objections to Google's Second Set of Interrogatories (Nos. 6 through 18). Google's Second Set of Interrogatories is attached as Exhibit 1. Plaintiffs' objections are attached as Exhibits 2-5.

Counsel exchanged correspondence concerning this issue, and lead counsel met and conferred by video on September 18, 2026. Counsel have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery. Plaintiffs request oral argument on this dispute. Google believes the parties' positions are clear from the papers but defers to the Court on whether it would find oral argument on this issue helpful.

Judge Lin referred this case to Your Honor for discovery. Judge Lin entered a scheduling order setting deadlines of October 16, 2026 for the substantial completion of document production, February 5, 2027 for the close of fact discovery, March 22, 2027 for Plaintiffs' expert disclosures, and May 7, 2027 for Google's expert disclosures. Dkt. 88 at 5.

*<u>/s/ David Boies</u>*
David Boies
Boies Schiller Flexner LLP
*Co-Lead Counsel for Plaintiffs*

*<u>/s/ Sonal N. Mehta</u>*
Sonal N. Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
*Co-Lead Counsel for Google*

**Google's Position**

Plaintiffs have improperly refused to answer any of the thirteen interrogatories in Google's Second Set of Interrogatories. These interrogatories ask basic questions foundational to Plaintiffs' claims: what conduct Plaintiffs challenge (Nos. 6 and 12); the factual bases for Plaintiffs' antitrust injury (Nos. 7-11) and monopoly power allegations (Nos. 13-15); and the statements or omissions Plaintiffs claim were deceptive (Nos. 16-18). There is no dispute that the requested information is relevant, and that disclosure of Plaintiffs' contentions and supporting facts is critical to allowing Google to develop its defense to Plaintiffs' sweeping allegations. Plaintiffs' principal objections are that the interrogatories are "premature" and relate to topics that will eventually be the subject of expert testimony. But when Google suggested they agree to answer these interrogatories in another 30 days, Plaintiffs still refused—confirming the issue is not whether Plaintiffs can answer these interrogatories, but that they do not want to. In all events, Plaintiffs must respond with the contentions and supporting facts they have available to them now. And that cannot be a null set. Plaintiffs must have had a factual basis to draft their complaint (which is replete with hundreds of paragraphs of factual allegations) or they could not have filed it. And Plaintiffs have since received roughly 10 million documents and mountains of other cloned productions from DOJ Search. Google has already responded to similar contention interrogatories from Plaintiffs. Plaintiffs should be ordered to respond to Interrogatories Nos. 6-18 within 14 days of the Court's ruling.

*First*, the interrogatories at issue seek plainly relevant information that will clarify the issues in dispute in this case and enable Google to develop its defenses in fact discovery. They seek to identify the extent of the overlap between Plaintiffs' claims and the DOJ Search case, and request further information about particular allegations in Plaintiffs' complaint for which they should already have a factual basis. Courts routinely order responses to interrogatories like these,

which require Plaintiffs to "say what their contentions are" and enable Google to "discover the case against it." *FTC v. Uber Techs., Inc.*, No. 4:25-cv-03477-JST, Dkt. 192 at 4 (N.D. Cal. Apr. 27, 2026); *Digital Envoy, Inc. v. Google, Inc.*, 2005 WL 8162580, at *2 (N.D. Cal. June 23, 2005) (defendant entitled to "notice of its opponent's contentions and the evidence on which it relies").

For example, Plaintiffs say that their case "builds on" the DOJ Search case. *E.g.*, Ex. 2 at 12. But Google is entitled to a response from Plaintiffs stating what conduct they are challenging *in this case*. "[T]he object of contention interrogatories is 'to learn what the opposing party will argue.'" *Former S'holders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013). Google seeks that information in Interrogatories 6 and 12. Likewise, Interrogatories 13-15 ask Plaintiffs their market definition and monopoly power contentions for this case. These responses will focus discovery moving forward, including by clarifying whether Plaintiffs are pursuing only the same conduct and market theories that were at issue in DOJ Search, or whether they are also challenging some other additional, as-yet unspecified conduct or there are any other distinctions between this case and DOJ Search. Plaintiffs already know the answers to these questions; Google needs to know them as well to ensure it is pursuing all relevant threads in fact discovery and so its experts can do the work needed to opine on issues at the heart of this case.

Plaintiffs also vaguely allege that they "are informed and believe that Google's disclosures and privacy assurances are false." TAC ¶149. The complaint does not identify what disclosures and "assurances" Plaintiffs are challenging, the basis for Plaintiffs' "belie[f]" they are false, or whether Plaintiffs saw or relied on them. That is sought in Interrogatories 16-18 and will focus discovery on the disclosures Plaintiffs have a factual basis for contending are false (if any). It is axiomatic that a plaintiff challenging supposed deception must identify the alleged deceptive statements. *E.g.*, *Janney v. Mills*, 944 F. Supp. 2d 806, 818 (N.D. Cal. 2013); *Uber*, Dkt. 192 at 4.

Plaintiffs should have had this information at the outset, as under Rule 11 they are "presumed to have evidentiary support for" allegations they "already made in [their] … complaint." *Rubalcava v. City of San Jose*, 2022 WL 2668379, at *3 (N.D. Cal. July 11, 2022).

Plaintiffs should also already have a factual basis for their allegations that, absent the challenged conduct, search engines would offer "better" privacy, "fewer" ads, and paid users, and that Google's competitors would have received more distribution and queries. *Id.*; TAC ¶¶5, 17-18, 164. Those are the subject of Interrogatories 7-11. If Plaintiffs expect additional discovery to yield more facts concerning these or other allegations, they "must answer … to the best of their ability now" and supplement later with "additional information they obtain." *Uber*, Dkt. 192 at 6.

These interrogatories are not premature. Plaintiffs have already received substantial discovery on their claims and have more than enough information to respond. Google's reproduction from DOJ Search consists of approximately 10 million documents, more than 180 deposition transcripts and the accompanying exhibits, over 100 terabytes of data, and all parties' expert reports. Plaintiffs insisted these reproductions would "streamline discovery," Dkt. 81 at 11, and serve as "a 'shortcut' for Plaintiffs" to identify "relevant documents and deposition[s]" on, among others, "market definition, Google's market power, [and] foreclosure"—the exact subjects of Google's interrogatories, Dkt. 92 at 3-5. Plaintiffs have had the DOJ Search expert reports since April and substantially all of Google's custodial productions from that case since May.

Contention responses are required once "substantial discovery" has taken place or if they "would contribute meaningfully to … clarifying the issues in the case." *Rubalcava*, 2022 WL 2668379, at *2. Both conditions are satisfied, which distinguishes the cases Plaintiffs cite. If they still have no factual basis for their allegations, they "must state under oath that [they are] unable to provide the information." *In re NCAA Student-Athlete NIL Litig.*, 2012 WL 4111728, at *4 (N.D.

Cal. Sept. 17, 2012). But they cannot withhold what they have "and thereby limit[] [Google's] ability to develop evidence in [its] defense." *Rubalcava*, 2022 WL 2668379, at *3.

*Second*, that a subject may later be analyzed by experts does not excuse a party from "disclosing responsive information regarding the underlying factual bases of its claim." *Amgen Inc. v. Sandoz Inc.*, 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017). As this Court has explained, a party must "provide factual information" "within [its] knowledge" even if an "expert witness will then take" that "information and analyze [it]." *Nazemian v. Nvidia Corp.*, No. 4:24-cv-1454-JST-SK, Dkt. 277 at 2 (N.D. Cal. Mar. 18, 2026); *Roberts v. Heim*, 130 F.R.D. 424, 427-428 (N.D. Cal. 1989) ("factual information independent of that to be furnished by their experts … should be provided"). Contrary to the *Klein* ruling Plaintiffs cite, the basic elements of an antitrust claim and Plaintiffs' supposed resulting injuries are not solely the province of experts and insulated from fact discovery. Antitrust plaintiffs must respond with facts they possess that support these elements. *See, e.g.*, *In re NCAA*, 2012 WL 4111728, at *3-4 (compelling responses on antitrust claims). That is particularly true where—as here and unlike in *Klein*—the interrogatories are expressly tied to allegations Plaintiffs already made and thus must already have a basis for, and which are derived from DOJ Search, a case from which Plaintiffs have the fact and expert record.

*Finally*, Plaintiffs' other objections all fail. Each of Google's interrogatories concerns a single contention and is thus properly counted as one interrogatory. *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006). Whether the same is true of Plaintiffs' interrogatories to Google (and it is not) is not before the Court and irrelevant to this dispute. To address Plaintiffs' breadth concerns, Google agrees they may respond with their contentions and "material facts" and evidence supporting them. *Volcano Corp.*, 2013 WL 5513275, at *2. Plaintiffs' proposed "compromise" involves no agreement to respond and is thus no compromise at all.

**<u>Plaintiffs' Position</u>**

Plaintiffs have two principal objections to Google's contention interrogatories: (1) they were served too early, and (2) they seek the disclosure of expert opinions. Courts have repeatedly denied motions to compel under similar circumstances, including in cases defended by Google's counsel. Plaintiffs' objections are also consistent with Judge Lin's recognition that Plaintiffs may need "the benefit of discovery and expert testimony" to do things such as "adequately calculate damages." Dkt. 66 at 15. That discovery from Google is forthcoming, with the aim of substantial completion of document production in January 2027 and expert disclosures to follow next summer.

**Premature.** Google puts the cart before the horse by seeking to compel Plaintiffs to answer contention interrogatories *before* Google fulfills its document production obligations on the issues for which Google seeks "full and complete detail" and any witnesses are deposed. For example, Interrogatories 7-9 demand "full and complete detail" regarding Plaintiffs' contention that Google would "have provided compensation to users," or that it would have offered "better privacy protections" or "reduced or ad-free search experiences." None of these issues were central to the DOJ search case, and Google only recently—after months of delay—agreed to produce relevant documents. The documents Plaintiffs expect Google to produce include those relating to (1) "Get Your Google Back," a 2025 proposal where Google would "offer a choice of rewards" valued at between $20 and $114 to entice users to "Set Google as DSE" (default search engine); (2) a 2025 discussion of "Reward[ing] users on a regular basis for **ongoing Search activity**"; and (3) Project "Futura," a 2021 project to develop "a **subscription search offering** for users that is **ad-free**."

As for relevant authority, in an antitrust case against eBay, then-Magistrate Judge Seeborg recognized that "courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *In re eBay Seller Antitrust Litig.*,

No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008). In fact, Google's counsel successfully objected to contention interrogatories served at an "early stage of discovery," with that court explaining that "Courts 'will look with considerable skepticism at sets of interrogatories, filed early in the pretrial period, that simply track all the allegations in an opponent's pleading.' This is particularly the case when the operative complaint is not facially deficient and 'presents a relatively detailed specification of the real world events giving rise to it, and proceeds on relatively well established legal theories....'" *Ritchie v. Sempra Energy*, No. 10cv1513-CAB(KSC), 2014 WL 12637955, at *3 (S.D. Cal. Aug. 4, 2014) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 337-38 (N.D. Cal. 1985)). Courts are "especially vigilant" against early contention interrogatories if—like here—"the plaintiff's complaint is not 'facially infirm' and the defendant appears to have control over or adequate access to much of the evidence related to its alleged misconduct." *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH, 2015 WL 3533221, at *4 (N.D. Cal. June 3, 2015) (quoting *In re Convergent*, 108 F.R.D. at 339).

Accordingly, courts generally only compel responses if the party seeking discovery has satisfied its "burden of justification" to show that such answers "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Campbell*, 2015 WL 3533221, at *4. Judge Seeborg applied this principle to reject as premature "contention interrogatories [that] seek answers to two of the major issues in the case: market definition and damages. It is not apparent how these broad interrogatories, particularly those that track plaintiffs' complaint, will serve to clarify the issues or narrow the scope of the litigation at this juncture." *In re eBay Seller*, 2008 WL 5212170, at *2.

Further, Google ignores that Plaintiffs' complaint provides over 200 paragraphs of detailed

allegations regarding topics covered by Google's interrogatories, including Google's exclusionary default search distribution contracts, *e.g.*, Dkt. 80 ¶¶ 63-102, and its monopoly power in the market for general search services, *e.g.*, *id.* ¶¶ 103-32. Plaintiffs' complaint also cites the hundreds of pages of findings by Judge Mehta in the DOJ search case, where he found that Google engaged in anticompetitive conduct in the market for general search services. Judge Lin already considered and rejected Google's attacks on the adequacy of those allegations, *see* Dkt. 66. Google's apparent position that contention interrogatories are now necessary to understand distinctions between this case and the DOJ search case has two problems: (1) none of Google's interrogatories ask this, and (2) Google is only now beginning production of *any* documents beyond its DOJ productions, meaning that Google's own documents on such distinctions are only now coming to light.

**Expert Opinions.** Google's contention interrogatories also impermissibly seek information that is properly the subject of expert opinion. For example, Interrogatory 11 demands that Plaintiffs, who are not economists or industry experts, identify "the manner in which" acts by Google denied other general search engines access to user queries, scale, or search data. Interrogatory 13 demands Plaintiffs to identify "the contours of the alleged market" for general search services, "each firm, product and service [Plaintiffs] contend is within the alleged market," and Plaintiffs' "basis for excluding specialized search services social media services, online shopping services, and generative artificial intelligence services from the alleged market."

As explained in Plaintiffs' objections (*e.g.*, Ex. 2 at 7-12), these interrogatories are very much like those that Judge Donato refused to compel plaintiffs to respond to in *Klein v. Meta*. In *Klein,* the same counsel representing Google here served contention interrogatories asking plaintiffs to, for example, identify "the evidentiary basis for [plaintiffs'] contention" regarding Facebook's "monopoly power in any alleged relevant product market." *Id.* at 11 (citing Ex. A to

Disc. Letter Br. at 6-7, *Klein*, No. 3:20-cv-8570-JD, Dkt. No. 365-1 (N.D. Cal. Oct. 19, 2022)). The court concluded: "That's the subject of expert testimony. You can get it later, but not now…. That's expert testimony. That will come out in due course. They'll have to answer it, but not right now. It's for experts." *Id.* at 8 (quoting Jan. 19, 2023 Hr'g Tr. at 38:13-17, *Klein*, Dkt. No. 431). Judge Donato rejected the argument made by Google here that it is not "asking for the expert piece of this," and that it was appropriate to require answers because "[t]he case has been going on for two years." *Id.* at 9. Judge Donato also refused to compel the plaintiffs to answer interrogatories similar to Google's Interrogatories 16-18 regarding allegedly misleading statements, finding: "Those are all expert testimonies also. Those are all denied pending expert testimony." *Id.* at 62; *see also id.* at 62-63 (reproducing Interrogatories 5, 9, 12-14 from *Klein*). Google does not acknowledge this decision, let alone distinguish it.

**Overbroad.** Google's interrogatories are also overbroad. For example, Interrogatory 6 demands that Plaintiffs "describe in full and complete detail" "each act by Google" that Plaintiffs contend "is exclusionary or an exercise of monopoly power and cause injury to users of Google search." Judge Seeborg found in the *eBay* antitrust case that contention interrogatories "generally ask[ing] for 'all facts' supporting" the "contention that [plaintiff] was injured by eBay's practices" to be "overly broad and unduly burdensome on their face." 2008 WL 5212170, at *1-2.

**Counting.** The Court should provide clarity on how interrogatories will be counted. Google has renumbered Plaintiffs' 12 interrogatories into 22, but refuses to apply the same rules to its own interrogatories that include multiple subparts (and exceed the limit of 25 interrogatories per side). *Compare* Ex. 1 at 6-9, *with* Dkt. 108-1 at 6. Plaintiffs need clarity to plan discovery.

**Proposed compromise**. The Court should deny Google's request without prejudice and order the parties to confer after Google produces documents and its employees are deposed.

**ATTESTATION**

I, Sonal N. Mehta, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1(i)(e), that the concurrence to the filing of this document has been obtained from each signatory hereto.

Dated: September 25, 2026

By: */s/ Sonal N. Mehta*
Sonal N. Mehta