# EXHIBIT 1

WILMER CUTLER PICKERING
HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
CHRIS JOHNSTONE (SBN 242152)
Chris.Johnstone@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
Paul.Vanderslice@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ZACHARY CROWELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 3:25-cv-02775-RFL-SK<br><br>**GOOGLE'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS**<br><br>Judge: Hon. Rita F. Lin<br>Magistrate Judge: Hon. Sallie Kim |

Pursuant to Federal Rules of Civil Procedure 26 and 33, and Northern District of California Civil Local Rules 26-1 and 33-1, Defendant Google LLC, by and through its undersigned counsel, hereby propounds this Second Set of Interrogatories on Plaintiffs Zachary Crowell, Christopher Weber, Dylan Little, and Jennifer Hunt ("Plaintiffs"), and requests that Plaintiffs answer these Interrogatories separately and fully, in writing and under oath, within 30 days.

## DEFINITIONS

1. The definitions and rules of construction set forth in Federal Rules of Civil Procedure 26 and 33, and Northern District of California Civil Local Rules 26-1 and 33-1, shall apply to these requests and are incorporated as if fully set forth herein.

2. "General Search Engine" means any service that you contend has competed in the alleged market for general search services asserted in the TAC, including but not limited to Google Search, Bing, Yahoo, DuckDuckGo, Neeva, Kagi, and Brave.

3. "Google" means Defendant Google LLC, and all persons or entities acting or having acted on its behalf, including but not limited to its divisions, subsidiaries, holding companies, predecessors, and any other related entity.

4. "Including" means "including, but not limited to."

5. "Search Access Point" means any application, software, or service that is capable of using or invoking an internet search engine. Examples of search access points include web browsers (mobile and desktop), applications, widgets, and voice assistants.

6. "TAC" means the Third Amended Complaint (Dkt. No. 80) in the above-referenced action.

7. "You" or "your" shall include the person or entity to whom these requests are directed, as well as its owners, partners, principals, members, officers, and directors, and all co-account holders, present or former representatives or agents, and any person, including attorneys, acting on behalf of any of the foregoing.

8. The use of the singular herein shall be deemed to encompass the use of the plural and vice versa.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all information that might otherwise be construed as outside of their scope.

10. The term "any" includes "all" and "each," and the term "all" includes "any," and the term "each" includes "every."

11. To the extent these requests employ terms used in the TAC in this action, such use is without prejudice to the rights of Defendant Google LLC.

**INSTRUCTIONS**

1. These interrogatories each require a separate response from you. Your responses should reflect all responsive information within your possession, custody, and control.

2. You are to provide full and complete responses to the following interrogatories after conducting a diligent and thorough investigation into all information within your possession, custody, or control. If you cannot provide a full and complete response to any interrogatory, you should respond to the interrogatory to the extent possible, specifying the portion of the interrogatory you are unable to answer and providing whatever information you have regarding the unanswered portion.

3. If you object to, or otherwise decline to answer, any portion of any interrogatory, please provide all information called for by the interrogatory to which you do not object or do not decline to answer. For those portions of any interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination. If you object to any interrogatory on the ground that it is too broad (i.e., that it calls for information which is not relevant), please provide such information as you concede to be not overly broad. If you object to any interrogatory on the ground that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden.

4. If you perceive any ambiguity in an interrogatory, use the broadest possible interpretation and provide a brief statement of the nature of the perceived ambiguity and the interpretation used to resolve it. To the extent not otherwise defined or specifically limited herein,

all words shall be given their most expansive and inclusive definition consistent with the context in which they are used.

5. Pursuant to Federal Rule of Civil Procedure 26(b)(5), if you believe that any interrogatory herein calls for information subject to a claim of privilege (or other immunity from answering), then:

a. answer all parts of the interrogatory to which you do not object;

b. explain the basis for your claim of privilege (or other immunity) as to each part of the interrogatory to which you object; and

c. identify the general nature of the information withheld.

6. When the term "describe" is used in these interrogatories, supply a full description and narrative account of the events, transactions, relationships, things, or occurrences inquired into, including any relevant dates, and identify any specific communications, documents, and persons related thereto.

7. When the term "identify" is used in these interrogatories, supply the following information as the context requires:

a. when "identify" is used with respect to a natural person, state his or her full name, most recent known address, telephone number, occupation, employer, title, and position;

b. when "identify" is used with respect to a non-natural person, state its full name;

c. when "identify" is used with respect to a document, state the Bates number of the document.

d. when "identify" is used with respect to any non-written communication, state the identity of the natural persons making and receiving the communication; their respective principals or employers at the time of the communication; the date, manner, and place of the communication; and the content of the communication.

e. If any part of your response includes reference to, or incorporation of, any document produced in this action, identify with particularity each such document by its Bates number.

8. Pursuant to Fed. R. Civ. P. 33(d), if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Your business records (including electronically stored information), specify, in Your response to the interrogatory, the records that must be reviewed by Bates production labels or other means sufficient to enable Google to locate and identify the records as readily as You could.

9. You are under a continuing obligation to supplement your answers to these interrogatories, pursuant to Federal Rule of Civil Procedure 26(e), including with information that you discover or obtain subsequent to your initial responses to these interrogatories.

10. None of the definitions, instructions, or interrogatories shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

11. These interrogatories are propounded for the purpose of discovery and are not to be taken as waiving any objections that may be made at trial to the introduction of evidence on subjects covered by these interrogatories or as an admission of the relevance or materiality at trial of any of the information requested by these interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 6**

For each act by Google that You contend is exclusionary or an exercise of monopoly power and caused antitrust injury to users of Google Search, describe in full and complete detail the basis for Your contention, including by identifying each act; the date or dates of each act; the specific way in which You contend each act harmed competition; any actual or potential competitors You contend were excluded or foreclosed by each act; and how You contend each act caused antitrust injury to Google Search users, including specifically each named Plaintiff.

**INTERROGATORY NO. 7**

If You contend that, absent the acts You identified in response to Interrogatory No. 6 or challenge in the TAC, Google would have provided compensation to users of General Search Engines, describe in full and complete detail the basis for Your contention, including by identifying the source of, reason for, amount of, and frequency of the compensation; the manner in which the compensation would have been provided; and the users to whom Google would have provided compensation.

**INTERROGATORY NO. 8**

If You contend that, absent the acts You identified in response to Interrogatory No. 6 or challenge in the TAC, Google would have offered users of General Search Engines "better privacy protections," TAC ¶ 5, describe in full and complete detail the basis for Your contention, including by identifying the specific privacy protections You contend would have been offered.

**INTERROGATORY NO. 9**

If You contend that, absent the acts You identified in response to Interrogatory No. 6 or challenge in the TAC, Google would have offered users of General Search Engines "reduced or ad-free search experiences," TAC ¶ 18, describe in full and complete detail the basis for Your contention, including by identifying the specific changes in the amount of advertising or privacy practices You contend would have occurred.

**INTERROGATORY NO. 10**

If You contend that any party to an alleged agreement identified in response to Interrogatory No. 6 or challenged in the TAC would have modified its choice of default or preloaded General Search Engine in any Search Access Point absent the acts You identified in response to Interrogatory No. 6 or challenge in the TAC, state in full and complete detail the basis for your contention, including by identifying the party or parties whom You contend would have done so; whether You contend the party or parties would have selected an alternative default General Search Engine, selected no default, employed a choice screen, contracted to preload an alternative General Search Engine, or declined to do any of the foregoing; the Search Access Points to which that selection would have applied; and the alternative General Search Engine(s) that would have been selected for each Search Access Point and whether each such alternative General Search Engine would have provided compensation to users, offered "better privacy protections" than Google Search, TAC ¶ 5, and/or offered a "reduced or ad-free search experience," *id.* ¶ 18.

**INTERROGATORY NO. 11**

If You contend that any of the acts You identified in response to Interrogatory No. 6 or challenge in the TAC "den[ied]" any General Search Engine "access to user queries," "scale," or "search data," TAC ¶ 164, identify in full and complete detail the basis for your contention, including by identifying each such General Search Engine; the manner in which each act "den[ied]" each such General Search Engine "access to user queries," "scale," or "search data"; and the manner in which each such General Search Engine would have obtained additional user queries, scale, and/or search data absent the acts You identified in response to Interrogatory No. 6 or challenge in the TAC.

**INTERROGATORY NO. 12**

If You contend that any of the acts You identified in response to Interrogatory No. 6 or challenge in the TAC constitutes "ongoing" or "continuing" conduct that causes or threatens to cause antitrust injury to users of Google Search, including as alleged in TAC ¶¶ 242-252, describe in full and complete detail the basis for Your contention, including by identifying each act You

contend is ongoing, the date on which each such act most recently occurred, and the antitrust injury to users of Google Search caused or threatened by each such act.

**INTERROGATORY NO. 13**

If You contend that "general search services" in the United States is currently a relevant antitrust market, as alleged in TAC ¶¶ 103-115, describe in full and complete detail the basis for Your contention, including by identifying the contours of the alleged market; each firm, product, and service You contend is within the alleged market; and Your basis for excluding specialized search services, social media services, online shopping services, and generative artificial intelligence services from the alleged market if You contend that they are not included.

**INTERROGATORY NO. 14**

If You contend that Google has or had monopoly power in the alleged market for "general search services" in the United States, as alleged in TAC ¶¶ 116-132, describe in full and complete detail the basis for Your contention, including without limitation the date(s) on which You contend Google obtained a monopoly in said market; if ever, the dates on which You contend Google's monopoly in said market ended and the reasons therefor; and the reasons that Google supposedly has or had a monopoly.

**INTERROGATORY NO. 15**

If You contend that all content, features, and information displayed on Google's search engine results page in response to a user query—including, without limitation, organic links, general search text advertisements, product listing advertisements or other paid advertisements, AI Overviews and AI Mode outputs, vertical offerings, or any other content described in TAC ¶¶ 39-40, 43-49—are part of the product offered by Google in the alleged "general search services" market, describe in full and complete detail the basis for Your contention. If You do not so contend, identify each piece of content, feature, or information displayed on Google's search engine results page in response to a user query that You contend is not part of the product offered in the alleged relevant market, and describe in full and complete detail the basis for Your contention.

**INTERROGATORY NO. 16**

Identify each statement or omission made by Google that You challenge as misleading, deceptive, or false with respect to Google's collection, retention, storage, use, sharing, monetization, or deletion of user data, as alleged in the TAC, including but not limited to the statements, omissions, disclosures, and privacy assurances referenced in the TAC, and including by identifying the speaker of each statement and when and where each statement was made.

**INTERROGATORY NO. 17**

For each statement or omission identified in Your response to Interrogatory No. 16, describe in full and complete detail when You heard, read, saw, or obtained personal knowledge of the statement or omission; describe and provide all contemporaneous evidence and facts that establish when You heard, read, saw, or otherwise obtained personal knowledge of the statement or omission; describe whether and how You relied on the statement or omission in deciding to use Google Search or any other Google product or service, or in taking or refraining from taking any action with respect to Your data or privacy settings; and describe each act You took or refrained from taking in reliance on the statement or omission. If You neither heard, read, saw, nor obtained personal knowledge of the statement or omission, please so state.

**INTERROGATORY NO. 18**

For each statement or omission identified in Your response to Interrogatory No. 16, describe in full and complete detail why each statement or omission was misleading, deceptive, or false, including a full and complete description of the information necessary to render the statement or omission not misleading, deceptive, or false; and the basis for any duty, if any, Google had to provide that information.

Dated: July 31, 2026

By: */s/ Paul Vanderslice*

WILMER CUTLER PICKERING
HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
CHRISTOPHER W. JOHNSTONE (SBN 242152)
Chris.Johnstone@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

DAVID Z. GRINGER (*pro hac vice*)
David.Gringer@wilmerhale.com
PAUL VANDERSLICE (*pro hac vice*)
Paul.Vanderslice@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant Google LLC*